Holman v. Criswell.

HOLMAN AND OTHERS V. CRISWELL.

The general rule that the plaintiff is not required to allege more facts than, on a general denial, he would be compelled to prove, in order to sustain his case, is controlled by the rule that he must allege such facts as would, were they admitted to be true, entitle him to a judgment.

In an action to enforce specific performance, on a bond for title, a breach, or non-performance of the condition of the bond, must be averred, and if such breach or non-performance is not averred, a general demurrer will lie to the petition.

An allegation of a conclusion of law, drawn by the pleader, is not a fact, and consequently is not admitted by a general demurrer, whose office is to admit facts only, and those which are well pleaded.

A contract for the sale of land is not, by the statute, required to be under seal; and whether the agreement assume the form of a bond for title or other form is not material. The signature alone of the vendor, is sufficient. The interest which a vendee has, under such contract of sale, is assignable, and as it vested in him by a conveyance without seal, so, in like manner, may it be transferred to another.

Error from Fayette.

*Webb & Harcourt*, for plaintiffs in error. The first question presented for the consideration of the Court, is the ruling of the Court below upon the exception to the petition. This, being a general demurrer, attacked the foundation of the action, and, if correctly taken, defeats the plaintiff's right to recover, absolutely. The exception should have been sustained, because there is no breach of covenant assigned in the plaintiff's petition; no allegation of the breach of any of the conditions of the bond sued on; no allegation of a demand upon the obligor in the bond, in his life time, for a performance of the conditions of the bond, and of his failure and refusal, or that since his death the said defendants have failed and refused to carry out the stipulations of the bond. The failure to comply with these stipulations, viz: on making the selection of the 220 acres of land out of one of the corners of a certain league of land in the county of Fayette, and to make

that selection to the best advantage for the obligor, and then have the same legally surveyed, and a good *bona fide* deed executed for the same, constitute the subject matter of the complaint, and is, beyond question, the foundation of the cause of action. Yet there is no such issue tendered by the plaintiff's pleadings.

It is not only essential that there should be an assignment of breaches, in actions upon a penal bond, but these assignments should be stated with particularity, according to the facts, and with such certainty that the defendant may know what to defend. (1 Saund. Plead. 320 ; 2 Bac. Abr. 602, 603 ; 3 Bibb, R. 330 ; 3 Marsh. R. 533.)

It has been well settled, that a defective statement of the breach, so that thereby the contract does not appear to have been broken, would be bad on demurrer. (Lunn v. Payne, 6 Taunt. R. 140 ; Siclemore v. Thistleton, 6 M. & S. R. 9.)

In the case of Watt's executors v. Sheppard, the Supreme Court of Alabama decide that a breach must be so assigned as to show that the contract has been broken and that the plaintiff has a cause of action. (2 Ala. R. 425, and cases cited.)

Applying, to the petition in the case at bar, the principles above laid down, we respectfully submit whether it contains these essential averments, or shows upon its face that the contract had been violated, and that the cause of action had accrued ? If it does not, this demurrer was well interposed, and should have been sustained.

And it is insisted that the demurrer should have been sustained on another ground. The petition discloses the fact that the plaintiff, Criswell, had no such interest in, or title to the said bond, as would authorize him to maintain an action thereon, for the reason that the pretended transfer from Michael B. Griffeth to said Criswell, was not such a transfer or conveyance as the law contemplates, in passing the title of an estate of inheritance or freehold, no seal or scrawl having been used. (Hart. Dig. Art. 167.)

The conclusion of an instrument with the words "Witness my hand and seal," when no seal or scrawl is affixed, does not make it a sealed instrument. (Williams v. Young, 3 Ala. R. 145; Vance v. Funk, 2 Scam. R. 263.)

II. The second assignment of errors calls in question the admissibility of the original bond sued on, as evidence for the plaintiff. It was clearly inadmissible for the same reason as urged above, to wit: that the plaintiff Criswell had no such interest in it as would authorize his maintaining an action thereon, the transfer or conveyance to him being illegal and void.

*F. W. Chandler*, for defendant in error. It is submitted that there is no error in the overruling of the demurrer. The suit was brought upon a bond for title, to compel a specific performance, and it was not necessary to aver or prove a demand. The commencement of the suit was a sufficient demand; for it was the duty of the obligor in the bond, or his heirs, to perform his contract; and if they had ever tendered a deed they might set it up in their defence. The other objection to the petition should have been taken advantage of, by special exceptions, and not by general demurrer; or, perhaps, by objecting to the testimony: they failing to do so, must be considered as waived.

HEMPHILL, Ch. J. This is a suit for specific performance. The plaintiff alleges that Jerome B. Alexander, in his life time, on the 30th December, 1840, executed to one Horatio Griffith his bond for title to 220 acres of land; that the said Horatio Griffith, on or about the 18th of February, 1847, assigned his interest in said bond and the land therein to be conveyed to one Michael B. Griffith, who afterwards, in 1849, assigned said bond to petitioner.

A copy of the bond and assignments is made a part of the petition.

The condition of the bond is, that whereas Horatio Griffith

purchased of Jerome B. Alexander two hundred and twenty acres of land for two hundred and twenty-five dollars, the receipt of which is acknowledged, the land to be selected out of either corner of a half league of land lying on the waters of Buckners's Creek, belonging to the heirs of Benjamin Green, being part of the said Green's headright, the said Jerome B. Alexander binds himself, his heirs, &c., to make the selection to the best advantage, as he would for himself, and have the same legally surveyed, and make or cause to be made a good and *bona fide* title or deed, embodying the field notes therein, to the said Horatio Griffith, his heirs, &c., the said Griffith holding himself responsible to the said Alexander for the surveying and recording fees, &c.

The petition further alleges that the only part of Green's league of land to which Alexander had any title, was two hundred and twenty-five acres which are set out by metes and bounds ; that Alexander departed this life in 1842 ; that his wife and son, Jerome, a minor, are his only heirs, and that his wife subsequently intermarried with one John T. Holman, who, together with the said wife and the minor, Jerome, are made parties defendant. The petition then alleges that by virtue of the execution of the bond by the said Jerome B. Alexander, and the various assignments and transfers by the parties therein described, the petitioner is entitled to a judgment and decree of the said Court, divesting the defendants of all title and interest in two hundred and twenty out of the two hundred and twenty-five acres of land, and vesting the same in the petitioner. The other matters set forth in the petition need not be noticed.

The defendants filed a general demurrer and other pleas to which reference is unnecessary, as the only point which will be examined is that which arises on the assigned error in overruling the demurrer.

The grounds assumed by counsel in their elaborate argument in support of this assignment are,

1st. That there is no averment of breach of the conditions of the bond ;

2nd. That the plaintiff has no interest in the land, the transfer to him (set forth in the petition,) being without seal.

To sustain the first ground, several authorities have been cited from Common Law writers and Reports, to the effect that in actions on penal bonds breaches must not only be assigned but stated with such particularity and certainty that the defendant may know what to defend. This action, however, if brought in Courts where there is a distinction between Law and Equity, would have been prosecuted in a Court of Equity. But there is no material difference, in substance, in the certainty with which the grounds of complaint must be set forth, whether an action be instituted in the one forum or the other. In Equity the bill must state, not only the right title or claim of the plaintiff, with accuracy and clearness, but also the injury or grievance of which he complains, or in other words, in cases such as the one before the Court, the breach or non-performance of his obligations on the bond.

Our own statute, however, furnishes the authoritative rule as to the matters which must be set forth in the petition, and this requires a full and clear statement of the cause of action with such other allegations, pertinent to the cause, as may be deemed necessary to sustain the suit. (Hart. Dig. Art. 671.)

Referring to the authorities to ascertain the definition and scope of the phrase " cause of action," we find that the breach of contract or covenant sued upon is one of its essential elements. Chitty, in treating of the statement of the cause of action in assumpsit, says that the breach of the contract, being obviously an essential part of the cause of action, must, in all cases, be stated in the declaration, (Vol. 1st, p. 322,) and its omission cannot be cured even by verdict. (Id. p. 337.) This is said in treating of the statement of the cause of action in assumpsit, but the rule is the same in actions of debt, covenant, &c.

The rule is founded in good sense, and has as much application in our system of pleading as in any other. Unquestionably, in the nature of things, there can be no cause of ac-

tion where no injury has been done. The invocation of the remedial aid of a Court necessarily pre-supposss the infliction of some wrong for which redress is sought, and this wrong must, as a matter of course, be stated in all Courts where the formality of pleading is required ; and if it be not averred, no such case is made as entitles the complainant to the interposition of the Court.

The only difficulty in holding that the averment of breach is in all cases an essential portion of the statement of the cause of action, consists in this, that in some cases it is not incumbent on the plaintiff to prove the breach or non-performance of the contract or covenant. Its execution being established and its maturity passed, its breach will be presumed.

There is no doubt that as a general rule the plaintiff cannot be compelled to assert more facts than on a general denial he would be bound to prove in order to sustain his case. We have repeatedly held that he cannot prove what he has not alleged, and as a general rule he ought not to be compelled to allege what he is not bound to prove. But there is another general rule, of like cogency and pervasive influence in pleading, and which is specially applicable to the question at issue, and that is, the plaintiff must allege such facts in his petition, as would, were they admitted to be true, entitle him to a judgment ; and this certainly he could not demand unless he complained that some wrong or injury had been done him, or that some right had been withheld.

For instance, in this case it may be true that Alexander entered into the obligations which had been averred. The demurrer admits that such is the fact. But this fact alone would not authorize a decree for specific execution.

The bond may have been fulfilled. The obligor may not have refused, expressly or impliedly, to perform its stipulations. If so, the plaintiff has no ground of complaint, or to apply to the Court for relief.

He has not stated that the obligations have not been performed, and if on his averment merely that such obligations

were made, judgment be given in his favor, the absurdity might be presented of a judgment being for him when in fact he had no ground to complain against the defendant, and this too when he had not stated that he had any such ground, and when the defendant may fully have discharged his obligations.

It is true that the plaintiff has alleged that he is entitled to judgment. But this is a legal conclusion drawn by the pleader. from the facts stated. It is not a fact, and consequently, is not admitted by the demurrer, whose office is to admit facts only, and those which are well pleaded.

The circumstance that the plaintiff would not, on the trial, by the rules of evidence, be required to prove that the conditions of the bond had not been fulfilled, that such would be the *prima facie* presumption on the introduction of the bond, does not relieve him from the necessity of making out such a case by his allegations, as would, if their truth were admitted, be followed by judgment in his favor. Where suit is brought on a note of hand, the execution of the note, unless denied on oath, need not be proved, nor is the fact of nonpayment to be established by proof; but this certainly would not exempt the plaintiff from stating that such note had been made, and that it had not been paid, or other equivalent averments of its execution and subsisting obligation; and without such averments the petition would be insufficient, as not showing that any wrong had been done, or that the plaintiff had, in fact, any cause why he should bring his action. The rules of evidence may be changed or modified. Parties may not in special cases be required to prove the facts which constitute their cases. But this does not relieve them, if they plead at all, from the necessity of stating such a case as would on its face be entitled to relief from the Court.

We are of opinion that on the first ground, viz: the want of assignment of breach, the demurrer should be sustained.

The other ground of demurrer, viz: that the plaintiff has no interest in the land, the transfer to him being without seal, is not tenable.

A contract for the sale of lands is not, by the statute, requir-ed to be under seal; and whether the agreement assume the form of a bond for title, or other form, is not material. The signature alone of the vendor is sufficient. Now, the interest which the vendee has under such contract of sale, is assignable, and as it vested in him by a conveyance without seal, so, in like manner, may it be transferred to another.

In Durst v. Swift, (11 Tex. R. 280,) it was stated to be not essential to the validity of the assignments of the bond-in that case, that they should have been by deed or writing under seal; and in support of this were cited 15 Mass. R. 485; 16 Johns. R. 51; 1 N & Mc. R. 250. The bond was, in that case, as in this, a title bond, and one of the assignments there, as here, was without seal. *Vide* Worrall v. Mun, 1 Selden, 229. Judgment reversed and cause remanded.