Wheeler, O. J.
—We think the averments of the peti *196 tion sufficient to fix liability on the defendant. The community property must be held bound for the payment of the community debts.' If the surviving wife assume the exclusive control and disposition of the community property, under the provisions of the statute, (O. & W. Dig., Art. 810, et seq.,) she takes it subject to the payment of those debts, and becomes liable for their payment to the extent of the property. The case stated in the petition shows that the defendant had rendered herself so liable. But the plaintiff has failed to state a cause of action, in that he does not aver a breach of the contract sued on. He does not aver that the intestate, in his lifetime, or the defendant, since his death, had failed or refused to pay the note. The conclusion may be deduced, by argument and inference, from the averments of the petition, that a part of the original indebtedness remains unpaid. But the fact should appear by direct averment. An averment of the breach of the contract is essential to show a cause of action. (Holman v. Criswell, 13 Tex., 38.) The plaintiff must allege such facts as would, were they admitted to be true, entitle him to a judgment; and the facts must appear by direct averment, and not by argument. or inference. As the petition is wanting in such averment of a breach of the contract, it is manifestly insufficient to support the judgment; which must, therefore, be reversed, and the cause remanded, to enable the plaintiff to amend his . petition, should he see proper.
Reversed and remanded.