### JOHN CRAWFORD v. W. H. HAGOOD.

1. It is error to render a judgment for gold unless the petition alleges and the evidence establishes a contract to pay gold.
2. The liability of the securities on a replevy bond executed in proceedings under a distress warrant is limited to the amount found to be due on the claim to secure which the distress warrant was issued, and the costs of the suit; they are not liable to the extent of their bond for any other amount for which judgment may be rendered against their principal in the same proceeding.

ERROR from Anderson.  Tried below before the Hon. John G. Scott.

*Burn & McClure*, for plaintiff in error.

*Reagan & Greenwood*, for defendant in error.

ROBERTS, CHIEF JUSTICE.—This is an action brought by defendant in error, W. A. Hagood, to recover on a contract of rent, in which he sued out a distress warrant, by which three bales of cotton were seized, which were valued by the officer at the sum of $127.50.  This cotton was replevied by Crawford, by giving a bond in the sum of $255, with W. H. Tucker and Ira Millican as his sureties.  The petition alleged that Crawford rented a certain tract of land from him, Hagood, for the year 1870, and agreed to pay for it whatever it was reasonably worth, and that it was reasonably worth $225.

The defendant below, Crawford, filed a general denial, and also pleaded that the land had been purchased by him from Hagood by verbal contract, upon which he had paid part of the purchase money, had gone into possession and made permanent and valuable improvements, and a tender of an amount which he alleged was the balance; and he also made an exhibit of an account against Hagood, part of which he alleged was agreed to be applied as the first payment upon the said verbal purchase of said land. The particular terms of the verbal contract as to the time of payment were not set out in the plea. He also claimed compensation for the improvements, which he alleged to have been worth $260.

The plaintiff below, Hagood, amending, denied the sale of the land, and, to offset the account of Crawford, set out and claimed judgment upon a much larger account against Crawford, it being a store account, in which the items of Crawford's account appeared as credits, and which showed a balance of account in favor of Hagood of $351.46. This account was alleged to be due in gold.

The jury returned the following verdict in favor of Hagood:

"We, the jury, find for the plaintiff, and assess the damages one hundred gold dollars for the rent of the land, and three hundred and fifty-one $\frac{46}{100}$ gold dollars as the balance due on store account."

A judgment was rendered in accordance with this verdict, and in connection therewith an order was made directing the clerk, in the event the replevy bond was returned "forfeited," to issue an execution thereon against Crawford and his sureties, Tucker and Millican, for the sum of $255, the full amount of said replevy bond.

There is no statement of facts in the record. There is a lengthy charge of the court, much of which is neither strictly correct as legal propositions, nor apparently applicable to the issues in the case, as presented by the

pleadings. Numerous charges were asked by defendant below and refused to be given, some of which seem to be proper, and others not. But there being no statement of facts, it does not appear plainly that such errors were committed, in giving and refusing the charges, as would require a reversal of the judgment. The exceptions of defendant below to the petition and to the distress warrant were properly overruled.

A motion was made for a new trial upon a great number of grounds, which have also been assigned as errors, and set out in the petition for the writ of error.

After a full consideration of all the errors assigned as arising upon the rulings of the court upon the exceptions and upon the charges given and refused, it is not thought proper to discuss any of them, except that which relates to the error in the verdict, judgment, and order of the court, that are exhibited in the statement of the case herein above presented.

It was error in the verdict to assess the.$100 for rent in gold, because it was not alleged in the petition that the rent contract stipulated for the payment of the rent in gold. Although we cannot know what were the facts proved on the trial, in the absence of a statement of facts, still the facts as alleged by the plaintiff below showed a renting for no specified amount, and no particular currency in which it was agreed to be paid, without which it was not proper for the jury to assess the rent to be paid in gold. The same error is carried into the judgment for the $100 for rent.

So, also, in the amended petition which set forth a store account running through several years, alleges that the defendant below was indebted to him in the sum of $351$\frac{46}{100}$ dollars in gold, by balance of account due him. It does not allege a special contract to pay said account in gold, or any part of it; nor does the account as exhibited purport to have been made out at gold rates, so as

to have indicated any such special contract made at the time of making the contract. Under such a state of the pleading, evidence was not admissible to prove any such special contract. It is only upon the allegation and proof of a special contract to pay in gold that a verdict and judgment can be rendered for gold. (Bridges v. Reynolds, decided at this term, and cases therein cited.)

It was an error in the court to make an order, in connection with the judgment, directing the clerk, in a certain event, to issue an execution against the sureties on the replevy bond for any greater amount than the $100 found by the jury to be due for rent, together with the costs of the suit. This bond was given to secure the forthcoming of the cotton seized under the distress warrant in the suit for the rent of the land, as claimed in the original petition. The amount found due for said rent was $100, and that limited the liability of the sureties upon the bond, except as to the costs of the suit. They were not liable for any amount that was recovered on the store account, claimed in the amended petition. The statute relating to a distress warrant for rent provides that the property seized may be replevied, but does not prescribe the terms of the bond, nor the obligation of the sureties, further than is to be deduced from the use of the expression in the statute, "unless the defendant will replevy the same," in connection with the duty of the officer making the seizure of property under the distress warrant.

And if this replevy bond, as thus provided for, is to have the force and effect usually given to replevy bonds in express terms, as in cases of the levy of executions and attachments, it could not be held to bind the sureties for a greater amount than that recovered in the judgment on the claim for which the property was seized, together with the costs relating to that suit. That amount so recovered in this case was $100, for rent. (See Paschal's

Digest, "Rent," Article 5029 ; "Executions," Articles 3778–9 ; "Attachment," Article 150.)

This order of the court, directing the clerk to issue an execution against the principal and sureties on the replevy bond, is wholly superfluous, though it would not vitiate the judgment if correctly entered. In this case it was not correctly entered, and execution should not issue against the sureties in any event for more than the judgment for the rent, with interest thereon from the date of the judgment, and the costs of the suit.

We are of opinion that the judgment in this should be reversed and reformed, so as to leave out of it the word "gold," the plaintiff below not having alleged a special contract for money to be paid in that currency, and also so as to leave out any directions to the clerk as to the issuance of execution against the sureties on the replevy bond, the same being unnecessary. This must be done at the cost of the defendant in error, he not having his judgment correctly rendered below.

REVERSED AND REFORMED.