### R. A. & E. A. GRANT v. J. E. WHITTLESEY.

1. JUDGMENT. When a debt is incurred for the protection of the separate property of the wife, to secure which a note is executed voluntarily by the wife jointly with her husband, judgment may be rendered on the note directing execution to be levied on the community property, or on her separate property, at the option of the plaintiff.

2. PRACTICE. Though a demurrer on which no action is invoked is in general considered as waived, and a defective plea is cured by verdict, yet when a petition is fatally defective, and fails to state a cause of action, the fact that defendant did not rely on his demurrer will not prevent him from availing himself of such defect on appeal or writ of error.

APPEAL from Harris.

Suit by Whittlesey v. R. A. & E. A. Grant, on a promissory note. The petition failed to allege that the note was due, or that defendant ever became liable or promised to pay it, or that the note was not paid. The petition alleged that the note was executed for services rendered by attorneys in defending the separate property of the wife in a suit against her. Judgment for plaintiff, authorizing a levy of execution on the separate property of the wife, or the community property, at the election of the plaintiff.

*Winch & Shaffer*, for appellant.

*Crank & Webb*, for appellee.

DEVINE, J.  The plaintiffs in error assign, as grounds for a reversal of the judgment, the overruling the demurrer of Grant and wife to the petition of Whittlesey, who was plaintiff in the court below, and to the error in the judgment which authorized the plaintiff, Whittlesey, to have execution levied, at his option, on the community property of defendants, or on the separate property of the wife. There was no error in authorizing the plaintiff to have execution levied as stated. On the trial, it was shown to the satisfaction of the judge (a jury being waived), that the debt was incurred for the protection of the separate property of the wife, and the note freely executed by herself and husband. The entry in the judgment complained of was authorized by Article 4644, Paschal's Digest: "When "judgment is rendered against the wife for necessaries fur-"nished her, or services rendered for the protection of her "separate estate."

The error assigned by reason of the overruling demurrer to plaintiff's petition is met by the appellee's argument, that a demurrer not acted on is considered waived, and that a verdict cures defects in pleading—both positions are undoubtedly correct to a certain extent; they do not apply, however, in the

present case. A verdict cannot cure or supply the failure in a petition to state a cause of action; and omission to act, or rely on a demurrer to a petition fatally defective, will not prevent a party from availing himself of such defect, on appeal, or writ of error to this court. (Holman *et al. v.* Criswell, 13 Texas, 38; Brackett *v.* Devine, 25 Texas, Sup. 194.)

In this case plaintiff alleged the execution of the note by defendants, his ownership of the same, with a prayer for citation, and for "judgment against them for the principal and "interest due upon said note;" from this it might be inferred that the whole or a portion of the debt remained unpaid, as was said in the case cited from 25 Texas: "The plaintiff has "failed to state a cause of action, in that he does not aver a "breach of the contract sued on," he does not aver that defendants failed or refused to pay the note, and such failure must be averred to support the judgment.

The petition being wanting in such averments, is wholly insufficient to support the judgment, which must be reversed, and the cause remanded, when plaintiff can amend his petition.

Reversed and remanded.