### GUADALUPE COUNTY V. WILLIAM JOHNSTON.

### No. 51.

**1. Pleading — Exhibits.** — A petition must contain a full and clear statement of the cause of action, and such other allegations pertinent to the cause as plaintiff may deem necessary to sustain his suit. The legal import of the transactions must be stated, and the undertakings imposed, as well as the failure by defendant to perform them. An exhibit showing the terms of a contract can not supply the absence of allegations in the petition of the legal effect of such contract.

**2. Specific Performance.** — See allegations held insufficient to support a decree for specific performance in favor of the plaintiff.

APPEAL from Guadalupe. Tried below before Hon. GEO. McCORMICK.

*W. R. Neal* and *Denman & Franklin*, for appellant.—1. The court erred in overruling defendant's general demurrer to the petition herein, in that the petition does not state facts sufficient to entitle plaintiff to decree for specific performance. Eliason v. Henshaw, 4 Wheat., 229; Rule 19 for Dist. Cts., and note; Macdonell v. Railway, 60 Texas, 594; Jones v. Jones, 49 Texas, 683; Holman v. Criswell, 13 Texas, 38–42; Whitaker v. Record, 25 Texas Supp., 382; Crawford v. Hagood, 40 Texas, 397; Carr v. Duval, 4 Pet., 77; Anson on Cont., 15.

2. The court erred in overruling defendant's third special exception to the petition, to the effect that the petition alleges that the Commissioners Court, on the 13th day of October, 1888, made and entered of record the order of which the paper thereto attached and marked exhibit "B" is a copy, and does not allege the tenor, contents, or effect of said order, and thus attempts to make an exhibit supply material averments to the petition, in contravention of the rules of pleadings prescribed for the court. Rule 19 for Dist. Cts.; Macdonell v. Railway, 60 Texas, 594; Mays v. Lewis, 4 Texas, 43.

No brief for appellee has reached the Reporter.

COLLARD, Associate Justice.—This action was brought by the appellee, William Johnston, against Guadalupe County, the appellant, for specific performance of a contract, by which it is claimed that the county was to purchase plaintiff's farm of 271 acres of land for a poor farm, and to pay him $6000 therefor, and also for damages for breach of the contract.    Before the trial closed plaintiff abandoned his claim for damages, and relied only upon his right to specific performance.

Defendant filed a general demurrer and special exceptions to the petition, which were overruled.    It also filed a general denial and special answers.

The trial resulted in a verdict and judgment for plaintiff for specific performance, and for $6000, from which defendant has appealed, and assigns errors, two of which are as follows:

"The court erred in overruling defendant's general demurrer to the petition herein, in that the petition does not state facts sufficient to entitle plaintiff to decree for specific performance."

"The court erred in overruling defendant's third special exception to the petition, to the effect that the petition alleges that the Commissioners Court, on the 13th day of October, 1888, made and entered of record the order of which the paper thereto attached and marked exhibit 'B' is a copy, and does not allege the tenor, contents, or effect of said order, and thus attempts to make an exhibit supply material averments to the petition, in contravention of the rules of pleadings prescribed for the court."

The petition relating to specific performance is as follows:

"That heretofore, to-wit, at the ——— term of the County Commissioners Court of Guadalupe County, he entered into an agreement with the County of Guadalupe, said county acting through and by the said Commissioners Court, to sell to said county the tract of land described in the deed hereto attached as a part of this petition, marked 'A.'    That said county, through said court, had previously advertised for property and prices for the purpose of establishing a poor farm, or place to keep and take care of the paupers of the county, and in obedience to said advertisement petitioner placed his property at the disposal of said county at the sum of $6000, being the property described in said deed; and thereupon said Commissioners Court, on the 13th day of October, 1888, made and entered of record the order of which the paper hereto attached marked 'B' is a copy.    That the proposal of petitioner was made in writing.    Thereupon, and being induced thereto by said order 'B' and the offer of acceptance by said county, through said court, petitioner purchased a 40-foot road, in all respects complying with the requirements of said order and acceptance, for which he paid the sum of $300; that on procuring said road, petitioner presented a deed from the owner of the land over which said road runs, and a deed from petitioner for said land, said deed being exhibit 'A,' and demanded a fulfillment of said contract and pay for his property, according to contract; whereupon

said Commissioners Court, acting on behalf and for said county, refused to accept said deeds and pay for said property, for no other or better reason than that said contract was distasteful to some persons, and subjected said commissioners to some adverse criticism. Petitioner alleges that he has in all things complied with the letter and spirit of said contract. That on the faith thereof, and relying upon the good faith of said Commissioners Court, he purchased said roadway at a cost of $300, for which petitioner has no other use than to comply with his said contract. That said roadway would not have been purchased except to comply with said contract, and said Commissioners Court and Guadalupe County was aware of the fact when said executory contract was made, that if petitioner furnished a road so as to enable him to comply with said contract, that he would have to purchase the same.''

Prayer for enforcement of the contract.

Exhibit ''A'' is a general warranty deed by plaintiff and his wife to the county for 271 acres of land, acknowledged in due form, deed dated November 15, 1888.

Exhibit '' B '' is as follows:

"Saturday, October 13, 1888.

'' Court met pursuant to adjournment. County judge and all the commissioners present, and proceeded to business.

'' In the matter of purchasing a farm for a poor farm:

'' Motion was made by J. N. Bishop, and seconded by R. D. McGee, to accept Wm. H. Johnston's bid, upon the condition that he furnished a 40-foot open road from his northwest corner to the Seguin and Gonzales road, on suitable ground; which motion being put to a vote, was carried. J. N. Bishop and R. D. McGee voting yea; F. C. Weinert and F. M. Beyer voting nay. There being a tie vote, the county judge decided the motion by voting yea.

'' It is further ordered that W. H. Johnston have until November term of the court to accept.''

The general demurrer and special exception should have been sustained. No legal liability on the part of the county is alleged. It is not enough to state that a contract was made, as shown in the exhibit, but the legal obligations created by the contract should have been set forth by appropriate averments. Exhibit '' B '' may be evidence of a contract, but its terms can not take the place of allegations of its legal effect. The pleader must make '' a full and clear statement of the cause of action, and such other allegations pertinent to the cause as plaintiff may deem necessary to sustain his suit.'' A historical statement of the transactions between the parties is not such a statement. The legal import of the transactions and the undertakings imposed must be stated, as well as the failure to perform them. The allegation of performance on the part of plaintiff,

and the failure of performance on the part of defendant, may be sufficiently stated, if it had been shown what was required to be performed.

We are compelled to hold that both the above assignments of error should be sustained. Dist. Ct. Rule 19; Macdonell v. Railway, 60 Texas, 594; Jones v. Jones, 49 Texas, 690; Holman v. Criswell, 13 Texas, 38; Whitaker v. Record, 25 Texas Supp., 382; Crawford v. Hagood, 40 Texas, 398; Gray v. Osborne, 24 Texas, 158; Ross v. Breeding, 13 Texas, 17; Fortune v. Kerr, 25 Texas Supp., 310; Frazier v. Todd, 4 Texas, 463; Malone v. Craig, 22 Texas, 609; Thigpen v. Mundine, 24 Texas, 283; Younger v. Welch, 22 Texas, 418; 15 Texas, 179; 5 Texas, 585; 15 Texas, 403.

The necessary allegations omitted are not supplied by defendant's answer nor by plaintiff's supplemental petition in reply thereto.

This being the condition of the case, we are not required to consider other assignments of error claimed to have occurred on the trial.

The judgment of the court below should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Delivered December 21, 1892.