Insurance Company of North America et al. v.
W. D. Wicker et al.

No. 875. Decided March 5, 1900.

1. **Continuance.**

The refusal of a first continuance was not erroneous where the application was based upon the absence of witnesses whose names and residences were unknown, and one who had left the country and could not be located, and was addressed to the discretion of the trial court,—failing to state that it was not sought for delay only. (P. 395.)

2. **Insurance—Proof of Loss—False Statement.**

Where liability on an insurance policy is contested on the ground of a false statement by insured in making proofs of loss, the latter may show, in avoidance, that the statement was not willfully false. (P. 395.)

3. **Same—Evidence—Parol Statements Explanatory of Proof.**

The statement of insured, to one then engaged in making out his proofs of loss, that he did not own the land on which the insured building was situated, was admissible to show that there was no intentional misstatement as to his ownership, where it was sought to avoid liability because he had sworn that a building was his property, which was situated on the land of another, without right on his part to remove it. (P. 395.)

4. **Pleading—Verification—Failure of Consideration—Demurrer.**

A plea of failure of consideration, though not verified by affidavit, is sufficient to admit evidence when it has not been excepted to. (Pp. 395, 396.)

5. **Same—Non Est Factum.**

A plea that a chattel mortgage, duly signed and registered, had not been delivered nor taken effect, because the loan expected to be secured was not obtained (such plea not being verified nor excepted to for want of verification) showed the mortgage to be invalid for want of consideration, and evidence of the facts pleaded was properly admitted to establish such defense, even though the plea be considered equivalent to non est factum, and as such plea, though not excepted to, insufficient to admit evidence unless verified. (Pp. 395, 396.)

6. **Insurance—Mortgage.**

An insurance policy conditioned to be void if the property was "incumbered" by mortgage, was not avoided by the existence, at the time it was issued, of a chattel mortgage, signed and registered, but never delivered because the loan to be secured thereby was never obtained. (P. 396.)

7. **Same—Payment.**

An insurance policy conditioned to be void if the property be or become incumbered by a chattel mortgage was rendered invalid by the existence of such mortgage at the time of its issuance, though the insured discharged such mortgage on the day following. (P. 396.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Clay County.

*Crane & Greer*, for plaintiff in error the Insurance Company of North America.—The court erred in overruling the application for continuance, (1) because the evidence set out in the application was material; (2) because viewed in the light of the facts proven on the trial it was more than probably true; (3) because due diligence to procure the same had been used. Doll v. Mundine, 84 Texas, 315; Railway v. Yates, 33

S. W. Rep., 291; Guy v. Metcalf, 83 Texas, 37; Lewis v. Williams, 15 Texas, 47; Redman v. Graham, 80 N. C., 231.

Defendants in this case having founded their defensive plea on the $1600 mortgage alleged to have been executed by the plaintiff Hamner to one L. D. Smith, and having proven that said instrument had been properly acknowledged and registered in the chattel mortgage registry of Clay County, Texas, and plaintiff having failed to deny under oath that said instrument had been executed as charged in said pleading, the court erred in permitting plaintiff to introduce any evidence tending to show that said mortgage had not been executed. May v. Pollard, 28 Texas, 677; Drew v. Harrison, 12 Texas, 279; City Waterworks v. White, 61 Texas, 538; Sessums v. Henry, 38 Texas, 41; 2 Am. and Eng. Enc. of Law, 2 ed., 581; 4 Am. and Eng. Enc. of Law, 200, and authorities cited; Redman v. Graham, 80 N. C., 231.

In this case the answer is founded upon the execution and delivery of the mortgage by the plaintiff, whereby it is claimed that under the terms of the original contract sued on the insurance contract was forfeited. It will not do to say that because the obligation was not payable to the defendant, the insurance company, that the statute has no application. The statute contains no such limitation. The language of the statute is: "A denial of the execution by himself, or by his authority, of any instrument in writing upon which any pleading is founded in whole or in part and charged to have been executed by him, or by his authority, and not alleged to be lost or destroyed, must be verified." This position is verified by the following authorities: Railway v. Tisdale, 74 Texas, 15; Pullman Palace Car Co. v. Booth, 28 S. W. Rep., 719; May v. Pollard, 28 Texas, 677; Austin v. Townes, 10 Texas, 24; Drew v. Harrison, 12 Texas, 279; Kelly v. Kelly, 12 Texas, 452; Barrow v. Philleo, 14 Texas, 345; Parr v. Johnston, 15 Texas, 294; Ferguson v. Wood, 23 Texas, 177; Bishop v. Honey, 34 Texas, 245; Childress v. Smith, 37 S. W. Rep., 1076; City Waterworks v. White, 61 Texas, 536; Sessums v. Henry, 38 Texas, 37.

As a matter of law it was impossible for the mortgage to W. B. Worsham & Co. to constitute a renewal of the Langford mortgage of $300, because the Worsham mortgage, according to the finding of the court, was in existence at least twenty-four hours before the other was extinguished therefore the $300 mortgage given Langford was undisclosed and was a valid incumbrance on the property when it was insured, and under the terms of the policy rendered it void. 20 Am. and Eng. Enc. of Law, 1 ed., 1034; Daggett v. Daggett, 124 Mass., 149.

The existence of the Langford mortgage to secure the sum of $300, at the time when the insurance was obtained, not having been disclosed to defendants and the court finding that they had no notice of it, as a matter of law constituted a breach of the warranty in the policy and voided the same. Insurance Co. v. Simpson, 88 Texas, 333; Insurance Co. v. Holcomb, 89 Texas, 412; Insurance Co. v. Coos County, 151 U. S., 235; Mack v. Insurance Co., 106 N. Y., 560.

*H. A. Allen* and *Geo. E. Miller*, for defendants in error, Wicker et al.—
An application for continuance is insufficient if it fails to show the
names of the witnesses whose testimony is wanted. Hunter v. Waite,
11 Texas, 85; Parker v. McKelvain, 17 Texas, 158; Burditt v. Glasscock,
25 Texas Supp., 45; Stachely v. Pierce, 28 Texas, 328; Stoddart v.
Garnhart, 35 Texas, 300; Franks v. Williams, 37 Texas, 24.

An application for continuance is insufficient if it fails to show that
due diligence has been used to obtain the absent testimony. Rev. Stats.,
1895, art. 1278; Hensley v. Lytle, 5 Texas, 497; Pulliam v. Webb, 26
Texas, 95; Adair v. Cooper, 25 Texas, 548.

An application for continuance is insufficient if it fails to show that
the absent testimony is material. Laws of 1897, chap. 91, p. 117; Mc-
Michael v. Truehart, 48 Texas, 216.

It is not necessary to deny under oath that a chattel mortgage has
been delivered, to admit testimony that it has not been delivered. Ar-
ticle 1265, subdivision 8, Revised Statutes of 1895, refers to the execu-
tion of written instruments therein mentioned, and not to the delivery
of them. Rev. Stats., art. 1265, sec. 8; Laux v. Laux, 50 S. W. Rep.,
213.

To constitute the chattel mortgage in question a valid lien, these
two things must concur: First, the execution of a chattel mortgage,
and second, a delivery thereof. Nielson v. Schuckman, 53 Wis., 643;
Stuart v. Dutton, 39 Ill., 93; McCourt v. Myers, 8 Wis., 236; Thayer v.
Stark, 6 Cush. (Mass.), 11; Jewett v. Preston, 27 Mo., 400; Foster v.
Perkins, 42 Me., 168; Walker v. Renfro, 26 Texas, 142; McLaughlin v.
McManigle, 63 Texas, 553; Tuttle v. Turner, 28 Texas, 759; Younge v.
Gilbeau, 3 Wall., 636; Carr v. Hoxie, 5 Mason, 60; Adler v. Insurance
Co., 37 N. Y. Supp., 207; Fitchner v. Fire Assn., 68 N. W. Rep., 710;
Neafie v. Woodcock, 44 N. Y. Supp., 768. To make deed effective it
must be delivered. 5 Am. and Eng. Enc. of Law, 445; Younge v. Gil-
beau, 3 Wall., 641; Fairbanks v. Metcalf, 8 Mass., 230; Jackson v. Dun-
lap, 1 Johns. Cas., 114; Church v. Gilman, 15 Wend., 656; Fisher v.
Hall, 41 N. Y., 421; Cook v. Brown, 34 N. H., 476; Johnson v. Farley,
45 N. H., 505; Stiles v. Brown, 16 Vt., 563; Fletcher v. Mansur, 5 Ind.,
267; Hulick v. Scovil, 9 Ill., 175; Overman v. Kerr, 17 Iowa, 486; Tisher
v. Beckwith, 30 Wis., 55.

The defendant having introduced testimony tending to show that
Hamner had made contradictory statements about giving notice to Sid-
ney Graham that L. D. Smith was the holder of the legal title to the
land on which the granary was situated, then plaintiff had the right
to prove that, before the matter was ever called in question, Hamner
made statements consistent with his testimony on the stand. Bailey v.
State, 9 Texas Crim. App., 98; Williams v. State, 24 Texas Crim. App.,
637; Ball v. State, 31 Texas Crim. App., 214; Goode v. State, 32 Texas
Crim. App., 505; Stephens v. State, 26 S. W. Rep., 728; Dicker v. State,
32 S. W. Rep., 541; Campbell v. State, 32 S. W. Rep., 774; Kirk v. State,
22 S. W. Rep., 21; Parker v. State, 34 S. W. Rep., 265.

The granary, having been built by Hamner while he was a tenant at will on the land, did not become part of the realty unless it was so attached that it could not be removed without injury to the soil, and remained the personal property of Hamner. McJunkin v. Dupree, 44 Texas, 500; Cole v. Roach, 37 Texas, 413; Elwes v. Maw, 3 East, 38; Alexander v. Touhy, 13 Kan., 64; Docking v. Frazell, 38 Kan., 420; Hartwell v. Kelly, 117 Mass., 237; C. R. & I. Co. v. McCann, 86 Mich, 106; Kribbs v. Alford, 120 N. Y. Supp., 519; Dubois v. Kelly, 10 Barb., 496; White's App., 10 Pa. St., 252; 8 Am. and Eng. Enc. of Law, 57, 58, and authorities cited.

The execution of the policy of insurance with notice to the agent of the insurance company that the legal title to the land was not in Hamner, was a waiver of the condition of forfeiture pleaded by the defendant. May on Insurance, sec. 294e; Insurance Co. v. May, 43 S. W. Rep., 73; Davis v. Insurance Co., 5 Pa. Super. Ct., 506; Horton v. Insurance Co., 29 S. E. Rep., 944.

Findings of fact of the trial court will not be disturbed where there is any evidence in the record to sustain them. Hanrick v. Wheeler, 49 S. W. Rep., 414; Ostrom v. McCloskey, 50 S. W. Rep., 1068.

A finding of the court founded upon conflicting evidence will not be disturbed. Morrison v. Thomas, 48 S. W. Rep., 500; Lindsley v. Sparks, 48 S. W. Rep., 204; Wright v. Barnett, 48 S. W. Rep., 1096; Dyer v. Lumpkin, 49 S. W. Rep., 253; Caldwell v. Dutton, 49 S. W. Rep., 723; Johnson v. Lockhart, 50 S. W. Rep., 955; Crebbin v. Bank, 50 S. W. Rep., 402.

The mortgage to the Wichita Falls Implement Company. mentioned in the eighth subdivision of the findings of fact, never constituted an incumbrance on any part of the wheat covered by the chattel mortgage to W. B. Worsham & Co. Jones on Chat. Mort., sec. 55a, and authorities cited.

The mortgage to W. B. Worsham & Co. in effect constituted a renewal of the mortgage which had theretofore been given to P. P. Langford. If the fact that the mortgage to P. P. Langford was in force at the time the policy was written avoided the policy, then the discharge of the Langford mortgage revived it. Johansen v. Insurance Co., 74 N. W. Rep., 866; Tompkins v. Insurance Co., 49 N. Y. S.. 184; Koshland v. Insurance Co., 50 Pac. Rep., 567; Cowart v. Insurance Co., 114 Ala., 356; Houdeck v. Insurance Co., 102 Iowa, 303; Insurance Co. v. Thompson, 50 Neb., 580; Sulphur Mines Co. v. Insurance Co., 94 Va., 355; Dougherty v. Insurance Co., 67 Mo. App., 526.

BROWN, ASSOCIATE JUSTICE.—This suit was brought in the District Court of Clay County against the plaintiff in error upon two policies of insurance, one being No. 19, issued to J. H. Hamner for $1000, upon 2650 bushels of wheat situated in a certain granary owned by Hamner, and the other policy No. 25, issued to W. D. Wicker, in the sum of $600, upon 1000 bushels of wheat situated in the same granary. Dur-

ing the life of the policies, the granary and the wheat were destroyed by fire. Proofs of loss were duly made and Hamner transferred policy No. 19 to W. D. Wicker. Each of the policies was made payable to W. B. Worsham & Co. to secure a debt due to them from Hamner and Wicker each.

Among other things, the insurance company pleaded that Hamner had destroyed the wheat by causing fire to be set to said granary; also, that Hamner had, before the fire, sold a large portion of the wheat and that there was not so much destroyed as he claimed. It also pleaded, that, at the time the policy was issued, there were two chattel mortgages given by Hamner upon the said wheat which were incumbrances upon it, and at the date when policy No. 25 was issued to Wicker, there was a valid chattel mortgage on the wheat insured. It was alleged that each of the policies contained the following clause: "This entire policy, unless otherwise indorsed hereon or added hereto, shall be void if the subject of the insurance be personal property and be or become incumbered by a chattel mortgage."

The case was tried before the court without a jury, which rendered judgment in favor of Wicker for the sum of $606.18, with interest from January 1, 1899, on policy No. 19, issued to Hamner, and for the sum of $472.50, with interest from January 1, 1899, on policy No. 25. W. B. Worsham & Co. having intervened, recovered judgments against Hamner and against Wicker for the several debts due from each.

Upon the trial, the district judge filed conclusions of fact from which we make a statement of all the facts necessary to the decision of the questions presented. The court found that the defendant issued the policies, in the amounts stated, upon the wheat in the granary; that the granary and the wheat were destroyed by fire; and that there was as much wheat in the granary as was claimed to have been destroyed. The court found that Hamner transferred policy No. 19 to Wicker, and that W. B. Worsham & Co. were entitled to the proceeds of each of the policies.

The court found, that, at the time policy No. 19 was issued to Hamner, there existed a mortgage executed by J. H. Hamner to the Wichita Falls Implement Company on 200 bushels of wheat then growing on his farm in Clay County, Texas, but the court did not find that the wheat on which this mortgage existed was a part of the wheat insured in policy No. 19.

The court found, that, on the 28th day of August, 1898, J. H. Hamner executed to L. D. Smith a mortgage to secure the payment of $1600 on the wheat covered by the insurance policy No. 19, and caused the said mortgage to be registered in Clay County, expecting to procure a loan of $1600 from L. D. Smith; but he did not procure the loan and there never was any debt secured by the mortgage.

The court found, that, at the time the policy No. 25 was issued, W. D. Wicker had given P. B. Langford a chattel mortgage on his entire crop of wheat, including that insured, to secure $300. The mortgage was duly

registered in Clay County, Texas, where Wicker resided. The insurance company had no knowledge of the existence of the mortgage at the time the loan was made. At the time the policy was issued, Wicker borrowed from W. B. Worsham & Co. a sum of money out of which he, the next day, paid off and discharged the note to Langford. The court does not find that the insurance company had any connection with the transaction between Worsham & Co. and Wicker in paying off the mortgage, except that the policy to Wicker was made payable to Worsham & Co. to secure a debt of $600.

The Court of Civil Appeals reversed and reformed the judgment in this case, holding that Wicker was not entitled to recover against the insurance company upon policy No. 25 and entering judgment against it in favor of Wicker on policy No. 19. Each party applied for a writ of error, which was granted to each.

The plaintiff in error complains of the trial court refusing to grant its first application for a continuance, based upon the absence of witnesses whose names and whereabouts were unknown, and one Smith, who left the country and could not be located; besides the application did not state that the continuance was not sought "for delay only, but that justice may be done." Art. 1278, Rev. Stats. (Sayles.) It did not comply with the statute and was therefore addressed to the discretion of the trial judge, which was not abused by refusing to grant the continuance.

The ruling of the trial court, admitting the testimony of H. A. Allen that he had prepared the proofs of loss for the plaintiff Hamner, and before the proofs were prepared Hamner told the witness that he did not own the land on which the granary was situated, is assigned as error. The insurance company pleaded and proved as the basis of its defense against liability upon the policy for the loss of the granary that Hamner did not own the land on which it was situated; the declaration admitted did not go beyond the proof and pleading of the company and could work no injury to it as proof of the fact. The insurance company also charged in its answer, and introduced evidence to sustain the charge, that Hamner had willfully and falsely sworn that he was the owner of the granary, because he did not in fact own the land on which the building stood, and did not have the right to remove the house. It was permissible for Hamner to show that if, as a matter of law, he did not own the building at the time it was destroyed, his statement was not willfully false, and to do this the testimony of Allen to the declaration made by Hamner, at and before the preparation of the proofs of loss, was competent testimony.

Hamner pleaded that the mortgage which was made by him to L. D. Smith was not delivered; that there was no consideration for the mortgage because the note which it purported to secure had not been delivered to Mrs. Smith and there was no debt to support it. This plea was not sworn to, and the testimony offered by Hamner to prove that the mortgage was not delivered was objected to on the ground that it was

virtually proof that the mortgage had not in fact been executed, and not admissible because the plea was not supported by affidavit. It is not necesary for us to decide that question, because the plea of failure of consideration, not being excepted to, was sufficient without affidavit to admit the evidence that the note was not delivered. Williams v. Bailes, 9 Texas, 61. The case cited states clearly the distinction between a plea of non est factum and a plea of failure of consideration when not supported by affidavit, and it is sufficient for us to say that in this case there was no exception to the plea. The policy contained this provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of the insurance be personal property and be or become incumbered by a chattel mortgage." The mortgage to L. D. Smith was not an incumbrance upon the wheat, because there was no debt from Hamner to Smith.

W. D. Wicker complains that the Court of Civil Appeals erred in reversing the judgment of the District Court and so reforming it as to deny him the right to recover upon policy No. 25, made payable to himself. This policy contained the same clause as that copied above with reference to incumbrances. There is no dispute that at the time the policy was issued, there was a mortgage in existence upon the wheat insured, but it is claimed that as the incumbrance was discharged the next day, it did not have the effect to forfeit the policy of insurance. The terms of the contract are, that if, at the time the policy is issued, there be an incumbrance in the shape of a chattel mortgage upon the property insured, the policy shall be void. It was not shown that the insurer knew of the existence of the mortgage to Langford. By its existence, the forfeiture occurred, and a court has no authority to reinstate it without the consent of the insurer. The subsequent discharge of the chattel mortgage did not restore the policy. Insurance Co. v. Kempner, 87 Texas, 229. This class of contracts is construed liberally in favor of the insured, but when the terms are so explicit as in this case, it must be enforced.

We find no error in the judgment of the Court of Civil Appeals and it is therefore affirmed.

*Affirmed.*