MERCHANTS' & BANKERS' FIRE UNDERWRITERS v. WILLIAMS.     (No. 1521.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 29, 1915. On Rehearing, Jan. 13, 1916.)

1. INSURANCE ☞638—FIRE INSURANCE—ACTION—PETITION—"CAUSE OF ACTION."

The petition alleging insurance by defendant in a certain sum of plaintiff's building, and its total destruction by fire, whereby, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4874, the policy became a liquidated demand to the full amount, does not, in the absence of an averment of nonpayment, state a cause of action; averment of breach being an essential of a statement of a "cause of action" on a contract.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1607; Dec. Dig. ☞638.]

On Rehearing.

2. PLEADING ☞216—PETITION—DEMURRER—SUPPLEMENTAL PETITION.

In determining whether demurrer to petition should be sustained, the supplemental petition cannot be considered; its office, under district court rule 10 (142 S. W. xviii), being to make response to defendant's pleading, and an amendment being necessary for cure of the defect of the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec. Dig. ☞216.]

3. APPEAL AND ERROR ☞1170 — HARMLESS ERROR—RULING ON DEMURRER.

Under Court of Civil Appeals rule 62a (149 S. W. x), providing that judgment shall not be reversed for error of law in the trial, unless the appellate court be of opinion that it amounted to a denial of rights reasonably calculated to cause, and probably causing, an improper judgment, erroneous overruling of demurrer to the petition, because of it not alleging nonpayment of the amount of fire insurance sued for, is harmless; the supplemental petition, averring nonpayment, properly pleaded to matters in the answer, forming a proper basis for rendition of judgment for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ☞1170.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. INSURANCE ⬳282—FIRE POLICY—CONDITION TO·INSURANCE—TITLE DEED.

The provision of a fire policy that it shall be void if the insured building be on ground not owned by insured in fee simple and the title be not evidenced by deed is a valid condition precedent to insurance attaching, not satisfied merely by insured being the owner in fee simple.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 601–635; Dec. Dig. ⬳282.]

Appeal from Fannin County Court; S. F. Leslie, Judge.

Action by S. J. Williams against the Merchants' & Bankers' Fire Underwriters. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Thompson, Knight, Baker & Harris, of Dallas, for appellant. Cunningham & McMahon, and L. C. Fuller, all of Bonham, for appellee.

LEVY, J. The suit is by appellee on a fire insurance policy issued by appellant. The insurance was entirely on appellee's one-story frame building, occupied by him and tenant as a drug store and doctor's office, and was in the sum of $750. The building insured was totally destroyed by fire while the policy was in force. In a trial before the court without a jury, a judgment in favor of appellee was entered.

[1] There was a demurrer to the petition, which was overruled by the court, and the appellant duly excepted to the ruling made. The first assignment of error, complaining of the overruling of the demurrer, presents the point that the petition has failed to state a cause of action, in that it does not allege that the amount of the policy sued for is unpaid. The petition avers to the extent that the appellant executed and delivered its policy in writing to the plaintiff, insuring him from May 1, 1914, to May 1, 1920, against loss or damage by fire to the amount of $750 on his one-story frame building being occupied by him and tenant as a drug store and doctor's office, and that on November 20, 1914, said building was totally consumed and destroyed by fire, and prays for judgment for the amount of the policy.

Under the statute of this state the policy becomes a liquidated demand to the full amount in case of a total loss by fire of the building insured. Article 4874, Vernon's Sayles' Stat. Therefore the legal effect attaching to the facts as pleaded in the petition would affirmatively show, it is quite clear, an obligation on the part of appellant to pay or indemnify the appellee in the sum of money to the amount of $750 upon a contingency of total loss by fire of the building insured, and which did happen. The alleged fact that the loss did occur is in effect a declaration that the sum of money is due and that the policy would be payable according to its terms. But the fact of the loss by fire and that the money is due does not constitute a breach of the contract, and would not be a fact from which the court could infer that the appellant has not paid or breached the policy. In matters of contract it will be presumed that the parties thereto intend to do what they have contracted to do, until the contrary or breach is shown. Consequently, properly construing the petition, there is no allegation stating or from which it can be implied that the amount of the policy sued for is unpaid by appellant. And the precise question for ruling is whether it was essential, in order to state a cause of action good as against a demurrer, to allege, not only the undertaking or obligation of the parties, but as well the failure of the insurance company to pay the money or perform its obligation. It is the primary requisite of a petition that it state substantially a cause of action. And "a cause of action" was clearly defined by the court in Phillio v. Blythe, 12 Tex. 124, as follows:

"It may be defined to consist as well of the right of the plaintiff in the action, as of the injury to such right. In Chitty on Pleadings, vol. 1, p. 288, the three principal points of a cause of action are said to be: (1) The right, whether founded upon contract or tort; (2) the urging to such right; and (3) the consequent damages. It may be admitted that the term 'cause of action' is sometimes used in a more limited sense, and that, where the cause [of action] is founded on a contract, the contract itself is denominated the cause of action; but more frequently, and where the term is used with more precision and accuracy, the term embraces a much wider scope, and includes, not only the contract, but its performance, if executory, and also the breach of such contract. For instance, the statute requires a plaintiff, in his petition, to set forth a full and clear statement [of his cause]. This requisition would not be filled by a bald statement of the terms of the contract, if a contract lay at the foundation of the action. An averment of the performance of the contract by the plaintiff, of its breach by the defendant, and, according to Chitty, of the consequent damages, is equally essential with a statement of the terms of the contract itself, as, together, they contribute the body, or substance, of the cause of action."

The above definition of cause of action was further approved and adhered to by the court in Railway Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642. And it has been held that it must appear from the petition—

"by averment that they [defendants] have violated their contract by refusing to make payment of the note agreeable to their undertaking, in order that the petition may show a cause of action." Whitaker v. Record, 25 Tex. Supp. 383; Brackett v. Devine, 25 Tex. Supp. 195; Holman v. Criswell, 13 Tex. 38; Grant v. Whittlesey, 42 Tex. 320; Gaudalupe Co. v. Johnston, 1 Tex. Civ. App. 713, 20 S. W. 833.

In Holman v. Criswell, supra, the court states that while the plaintiff would not ordinarily be required to prove, in order to sustain his case, the nonpayment, it is nevertheless essential, in order to state a cause of action, for him to aver the fact that the debt sued for is unpaid, as a breach or injury affecting him. In Richards v. Insurance Co., 80 Cal. 505, 22 Pac. 939, a petition in an action on a life insurance policy was held demurrable because it failed to allege that the policy sued on was unpaid.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is not perceived that the above requisites of pleading would be inapplicable to an action on an insurance policy, for an insurance policy is a contract of the parties, and actionable, as other contracts, in favor of the insured when the failure to pay the money, which is the breach, occurs. It is believed that the court erred in overruling the demurrer, and that for the error the judgment must be reversed and the cause remanded.

In view of the ground for reversal, it is not thought that the other questions raised can be properly passed on, and we do not do so.

Reversed and remanded.

### On Rehearing.

The case of Insurance Co. v. Henry, 79 S. W. 1072, cited by appellee, does not, as reported, give the entire allegations of the petition held not to be demurrable. Reference to the petition itself in that case discloses an averment in these words:

"By reason of said loss, damage, and policy of insurance, the sum of $171, and for the further sum of $25 attorney's fees, for the willful failure and refusal to pay this claim when due."

A declaration, as there, that there was on the part of the insurance company "failure and refusal to pay this claim when due," sufficiently shows that the policy remained unpaid, and breached, at the time of the institution of the suit. That case is therefore not in conflict with the instant ruling. According to the rule laid down in Brackett v. Devine, 25 Tex. Supp. 196:

"The conclusion may be deduced, by argument and inference, from the averments of the petition, that a part of the original indebtedness remains unpaid. But the fact should appear by direct averment. An averment of the breach of the contract is essential to show a cause of action."

[2] Following the rule, it is believed the demurrer was improperly overruled. And it is not thought the supplemental petition could be considered in connection with the original petition in determining whether or not the demurrer to the original petition should be sustained. The office of the supplemental petition is to make response to the pleading of the defendant. Rule 10, District Court (142 S. W. xviii). The question is sufficiently discussed in Towne's Texas Pleading (2d Ed.) pp. 401, 447. And in Insurance Co. v. Camp, 64 Tex. 521, the court says:

"Under the rules, the defects in the petition could only be cured by an amendment, whilst the supplement is confined to the avoidance of matters of defense set up in the answer."

[3] And while we still think there was error in overruling the demurrer, we are now convinced that the error is not, in this record and in view of rule 62a (149 S. W. x), sufficient to cause reversal. The omission in the petition did not in any manner contribute to the judgment rendered. The undisputed facts show that the company did not pay the claim, but that it denied liability on account of the loss. The case of Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324, says:

"If the general demurrer to the petition had been well taken, we are of the opinion that no prejudice has accrued to [appellant] from overruling it."

And as the allegations in plaintiff's supplemental petition, tantamount to an allegation that payment had not been made, were properly pleaded to matters set up in defendant's original answer, such allegations form a proper basis for pleadings before the court, as said in the Wheeler Case, supra, for the rendition of judgment.

[4] It is therefore necessary to proceed to a decision of the other assignments. By the third assignment it is urged that the appellant should have judgment on avoidance, as pleaded by it, of the policy sued on. The policy contained the following:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  *  *  *  if the subject of insurance be a building on ground not owned by the insured in fee simple and the title be not evidenced by deed."

The trial judge made the finding of fact, and the same is without dispute:

"That at the time of the issuance of said policy, and at all times subsequent thereto up to the trial of the cause, plaintiff's title to the ground on which the building stood was not evidenced by a deed, but plaintiff had bought said ground and contracted for the same from the owner thereof, F. P. Smith, in 1913, under a verbal contract, by the terms of which he was to pay $25 for said ground; that said $25 had not been paid at the time of the fire, but in selling same to plaintiff Smith took the personal obligation of plaintiff for the price and did not rely on the vendor's lien, and would have made a deed to plaintiff at any time on request by plaintiff, even without plaintiff's paying the $25; that, immediately after said trade was made with said Smith, said Smith, being in possession of said ground, placed plaintiff in possession thereof, and after plaintiff was so placed in possession of same he, relying on his trade with said Smith, erected on said ground permanent and valuable improvements, consisting of a considerable portion of the house destroyed by fire and covered by the policy of insurance sued on."

As appears from the evidence, appellee was in a condition to enforce specific performance as to the entire title to the lot; and being in that condition, he may, in legal effect, be regarded as the owner in fee-simple title of the ground on which the building stood. Insurance Co. v. Dyches, 56 Tex. 565; Insurance Co. v. May, 35 S. W. 829; Insurance Co. v. Ruddell, 37 Tex. Civ. App. 30, 82 S. W. 826. But the fact is established that the insured's equitable right to title is not based on a deed. And it is believed that the condition in the policy is not satisfied unless the deed is shown. Considering the condition, the simple and direct intention of the parties is, it is thought, to agree that before any insurance would attach to the building the insured must hold and claim the ground under a written instrument purporting to invest him with an estate absolute or in fee simple. It was in the nature of an exemption, or a condition precedent to in-

surance. The purpose of this sort of title is, evidently, in order to have the insurance not attach in the first instance to a building on ground of a leaseholder or other person having only some qualified interest in the same, as well as where the person's claim or interest in the ground rests entirely for proof in parol evidence. The parties may so stipulate as a legal right, and the courts cannot modify or change the same. A want of title of the sort stipulated for renders the policy void. Insurance Co. v. Smith, 29 S. W. 264; Fire Ass'n v. Calhoun, 28 Tex. Civ. App. 409, 67 S. W. 153; Insurance Co. v. Wicker, 93 Tex. 390, 55 S. W. 740.

We have carefully considered appellee's contention in respect to the construction of this stipulation, but feel constrained to rule as above. This ruling is decisive of the case; and we here reverse the judgment of the court below, and render judgment in favor of appellant, with all costs of appeal and of the court below.