**GLENN v. RUNO.**

No. 4737.

Court of Civil Appeals of Texas. Texarkana.

Oct. 17, 1935.

Rehearing Denied Oct. 24, 1935.

Pollard, Lawrence & Lux, of Tyler, for appellant.

Warren & Warren and Dorbandt & Dorbandt, all of Tyler, for appellee.

HALL, Justice.

Appellee, Runo, instituted this suit in the special district court of Smith county against the appellant for the sum of $1,200 alleged by him to be 10 per cent. commission due him for superintending the construction of a garage, barn, pumphouse, and springhouse; and $418.40 for superintending extra work on appellant's main dwelling house. In the petition upon which appellee went to trial, he declared on two contracts with appellant; one for superintending the construction of his main dwelling, and the other for superintending the construction of a garage, barn, pumphouse, and springhouse. Under the first contract he was to receive 10 per cent. of the cost of constructing said dwelling, and under the second contract he was to receive the flat sum of $200. Appellee alleges that the consideration for the construction of the barn, garage, pumphouse, and springhouse was changed by the parties and a new agreement substituted for it to the effect that appellee would be paid a reasonable compensation for his work, which, he says, was 10 per cent. of the construction cost of said buildings. The appellant answered by general demurrer, special exceptions, and general denial, and further that he had overpaid appellee for the work performed for him to the amount of $391.51, for which he asked judgment. Appellee filed supplemental petition wherein he raised his claim for supervising the construction of the dwelling so as to include certain extra work thereon. The case was tried to the jury on special issues which were answered favorably to appellee, and upon which the trial court entered judgment in his favor. From this judgment the appellant has appealed to this court.

The appellant brings forward twenty-nine assignments of error upon which he bases seven propositions. The first two propositions have to do with the action of the trial court in overruling his general demurrer to appellee's pleadings, appellant's contention being that in an action on a contract the petition is insufficient if it contains no allegation of the breach of the contract by the defendant and that the defendant had failed to pay the amount claimed. As stated in the beginning of this opinion, the appellee brought suit on two contracts, one for commissions for supervising the construction of the dwelling, and the other for the supervision of the construction of the barn, garage, pumphouse, and springhouse. Only the last contract and the amount due thereunder formed the basis of the lawsuit in the lower court and this appeal, for, as said by appellee in his brief: "The court did not submit any issues relating to extras claimed to be due appellee for supervision or materials furnished on the house proper. Therefore this appeal does not involve any controversy between appellee and appellant insofar as extras on the house, but merely for extra work for supervision of construction of the garage, barn, etc." We have examined the pleadings of appellee and fail to find any allegation to the effect that demand for payment had been made on appellant, or that he had failed or refused to pay the amount claimed by appellee as compensation for supervising the construction of the barn, garage, etc. In the case of Grant v. Whittlesey, 42 Tex. 320, the court says: "In this case plaintiff alleged the execution of the note by defendants, his ownership of the same, with a prayer for citation, and for 'judgment against them for the principal and interest due upon said note;' from this it might be inferred that the whole or a portion of the debt remained unpaid, as was said in the case cited from [Brackett v. Devine] 25 Tex. Supp. [194]: 'The plaintiff has failed to state a cause of action, in that he does not aver a breach of the contract sued on,' he does not aver that defendants failed or refused to pay the note, and such failure must be averred to support the judgment." Said cause was reversed and remanded for new trial. To the same effect are Beck v. Nelson (Tex. Civ. App.) 17 S.W.(2d) 144; Cotton v. Thompson (Tex. Civ. App.) 159 S. W. 455; Carter v. Olive (Tex. Civ. App.) 128 S. W. 478.

Therefore, it is our opinion that the trial court committed error in overruling appellant's general demurrer to appellee's amended petition upon which he went to trial, and that said cause should be reversed and remanded for a new trial. In view of another trial of this cause, we

will state that the other assignments of error brought forward by appellant do not, in our judgment, present reversible error.

The judgment of the trial court is reversed, and the cause remanded.