## HART–PARR CO. v. PAINE et al.
## (No. 757.)

(Court of Civil Appeals of Texas. El Paso. Dec. 6, 1917. Rehearing Denied Jan. 3, 1918.)

1. CONTRACTS ⟰⟱337(1)—ACTIONS ON—PLEADING—BREACH.

To recover money on a contract, the petition must show a breach thereof, and, failing to do so, is subject to general demurrer.

2. APPEAL AND ERROR ⟰⟱843(2) — MATTERS UNNECESSARY TO REVIEW—DEMURRABLE PETITION—EVIDENCE.

On appeal where a petition is found demurrable, and the case is to be remanded therefor, the sufficiency of the evidence will not be reviewed.

3. TRIAL ⟰⟱240—ARGUMENTATIVE INSTRUCTIONS.

Refusal of argumentative instructions is not error.

4. TRIAL ⟰⟱203(3) — DEFENSE—AFFIRMATIVE INSTRUCTIONS.

A defendant is entitled to an affirmative presentation of its defense in the instructions.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by H. A. Paine and another against the Hart-Parr Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

B. F. Louis, of Houston, for appellant. Andrews, Streetman, Burns & Logue, of Houston, for appellees.

HIGGINS, J. H. A. Paine and P. L. Shuford, appellees, brought this suit against Hart-Parr Company. Briefly stated, the allegations of the petition show that appellees became sales and distribution agents for appellant, and to conduct repair work for it at its plant in Houston, and control and manage its warehouse there, and for the performance of other matters in connection with their duties as manufacturer's agents for defendant in that territory, and that they entered upon the discharge of their duties under said contract. Dissatisfaction between the parties arose, and appellees gave notice of cancellation of the contract, and demanded a settlement of all matters between the parties; that thereupon appellant sent its agent to Houston with authority to act in the premises, and entered into negotiations with plaintiffs to the end that their differences be adjusted and all matters closed; that an agreement was entered into whereby it was agreed that plaintiffs should pay the sum of $323.43, and defendant should pay the sum of $1,538; that the item of $323.43 to be paid by plaintiffs represented a different account from that involved in the item of $1,538 to be paid by defendant, and that plaintiffs paid in cash the sum of $300, and tendered into court the balance of $23.-43 in satisfaction of their said promise to pay in the adjustment aforesaid; that the sum of $1,538 was a compromise amount made with the agent of appellant in full and complete settlement and satisfaction of plaintiffs' demands against appellant, and that the said agent promised and obligated Hart-Parr Company to pay the said sum of $1,538 representing the amount due plaintiffs and to accept the sum of $323.43 as representing the amount due defendant; that although often requested, the Hart-Parr Company had wholly failed and refused, and now fails and refuses to pay said sum of $1,538, or any part thereof. Judgment was prayed for that amount.

The theory of the defendant was that an unconditional agreement to pay said sum of $1,538 was not made by its agent. The case was submitted upon special issues as follows:

"No. 1. Did E. L. Jaco, acting for defendant Hart-Parr Company, promise and agree unconditionally to pay plaintiffs Paine & Shuford the sum of $1,538 in adjustment of the matters then being urged by and between said parties, and did said Paine & Shuford agree to accept same?"

"No. 2. Did the plaintiffs herein agree to pay unconditionally to said E. L. Jaco for the defendant Hart-Parr Company the sum of $323.43

as representing the balance due by them upon the repair account; and did the said Jaco for said defendant company agree to accept same?"

Both issues were answered in the affirmative. Judgment was rendered in favor of the plaintiffs, and Hart-Parr Company prosecutes this appeal.

[1] It is assigned as error that the petition is subject to a general demurrer because the same fails to allege any time at which the defendant agreed to pay the amount sued for, and therefore fails to state a cause of action. In a suit upon a contract there must be an allegation showing a breach thereof upon the part of the defendant and a petition which fails to show a breach is subject to general demurrer. Cotton v. Thompson, 159 S. W. 455; Merchants, etc., v. Williams, 181 S. W. 859; Carter v. Olive, 128 S. W. 478; Phillio v. Blythe, 12 Tex. 124; Railway Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642; Whitaker v. Record, 25 Tex. Supp. 383; Brackett v. Devine, 25 Tex. Supp. 194; Grant v. Whittlesey, 42 Tex. 320. Unless the time has expired within which the defendant was required to pay the sum agreed upon, there has been no breach of the contract. There is nothing in the petition to show when the sum of $1,538 was payable. It is impossible to tell whether it was payable immediately, on demand, within a reasonable time or by a certain date. If the defendant's obligation to pay has not matured there has been no breach of its contract, and in the absence of an allegation showing that the time for performance by it has expired, such breach is not shown. 9 Cyc. 725; Bradley v. Atlantic Coast Co., 68 N. J. Law, 73, 52 Atl. 231. From this it follows that the petition is subject to a general demurrer, necessitating a reversal.

[2] Under the first and second assignments, it is asserted that there is no evidence to sustain the finding of the jury upon the issues submitted, and it is asked on that account that the cause be reversed and rendered for appellant. Since the petition fails to state a cause of action, it would not be proper to reverse and render on account of the insufficiency of the evidence. A judgment so rendered would not bar a subsequent suit upon a petition stating a good cause of action. It would therefore serve no purpose to examine the evidence for the purpose of ascertaining whether it is sufficient to support the findings. If the case be retried upon an amended petition, stating a good cause of action, then it would not be proper, in advance of that trial, to comment upon the probative force of the evidence. We therefore express no opinion with respect to the sufficiency of the evidence.

[3] Special charge No. 1, the refusal of which is made the basis of the fifth assignment, was argumentative, and for this reason its refusal presents no error. Error is

assigned to the refusal of a special instruction requested by the defendant which reads: "You are charged in this case that if you believe from the evidence that the agreement, if any there was made, at the final conference which took place in Mr. Love's office about March 12, 1915, was substantially that defendant would accept the orders which plaintiffs had taken and would pay the commissions upon such orders under the terms of the contract and upon settlements being made for the tractors embraced in such orders, and such settlements being accepted by the defendant, then you are charged that you will answer special issue No. 1 in the negative; that is, 'The parties hereto did not make such unconditional agreement.' "

[4] Without undertaking to determine whether this charge should have been given upon the pleading and evidence presented, yet, in view of a retrial, attention is called to the rule which entitles the defendant to an affirmative presentation of its defense, as announced in the following authorities: Yellow Pine Oil Co. v. Noble, 101 Tex. 125, 105 S. W. 318; Higginbotham v. Weaver, 177 S. W. 534; Railway Co. v. Alcorn, 178 S. W. 836, and cases there cited.

Reversed and remanded.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.