PAINE et al. v. HART-PARR CO.
(No. 167–3169.)

(Commission of Appeals of Texas, Section A.
March 2, 1921.)

**I. Corporations** &=308(11)—**Petition of sales agents held to have alleged cause of action for commissions.**

Petition of agents for defendant corporation to sell and distribute machinery and supplies manufactured by it, alleging a contract not specifying the date commissions were to be paid, but alleging that, though often requested, defendant company wholly failed and refused to pay commissions earned, sufficiently charged noncompliance with the implied stipulation of defendant company to pay commissions earned within a reasonable time, and stated a cause of action.

&=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Pleading ⊕=34(3)—Every reasonable presumption in favor of petition indulged on demurrer.**

On demurrer, every reasonable presumption in favor of the sufficiency of the petition must be indulged.

**3. Pleading ⊕=193(4)—Fact suit brought prematurely does not render petition demurrable.**

If suit is brought prematurely, the matter must be shown and established by the defense, and the fact does not render the petition, otherwise good, demurrable.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by H. A. Paine and others against the Hart-Parr Company. From judgment for plaintiffs, defendant appealed to the Court of Civil Appeals, which reversed and remanded (199 S. W. 822), and plaintiffs bring error. Judgment of the Court of Civil Appeals reversed, and cause remanded to such court for consideration of defendant's assignments of error.

Andrews, Streetman, Burns & Logue, of Houston, for plaintiffs in error.

B. F. Louis, of Houston, for defendant in error.

SPENCER, J. Plaintiffs sued defendant, a corporation, alleging in substance: That they jointly and as partners entered into a contract with defendant whereby they became its agent in Houston and surrounding territory to sell and distribute machinery and supplies manufactured by defendant at its plant, and to perform other duties as such agents.

That in pursuance with the agreement they took charge of defendant's plant and warehouse, and expended considerable sums of money as contemplated, in preparation for business reasonably expected would be done—from which they were to recover commissions.

That subsequently a disagreement arose involving a variety of matters, in which each charged the other with violations of the agreement; and as a result it became apparent that they would be unable to satisfactorily conduct the business, and plaintiffs gave notice of cancellation of the contract and demanded settlement.

That in response to said notice defendant sent its authorized agent to adjust the differences between the parties, who entered into a compromise agreement in behalf of defendant, whereby plaintiffs should pay the sum of $323.43 to defendant and defendant should pay the sum of $1,538.00 to plaintiffs.

That said $1,538.00 was the amount which defendant's agent agreed to pay plaintiffs in full settlement and satisfaction of all demands by them against defendant, and that in consideration of such compromise and settlement, defendant's agent promised, bound, and obligated defendant to pay said sum, and to accept $323.43 as representing the amount due it.

That, although often requested, defendant failed and refused, and now fails and refuses, to pay said sum of $1,538.00, or any part thereof, to the plaintiffs' damage. There was a prayer for general relief.

A general demurrer was interposed to the petition and overruled, and the cause submitted to the jury upon special issues. The issues having been answered in favor of plaintiffs, a judgment was rendered in their favor. Upon appeal by defendant, the honorable Court of Civil Appeals sustained the assignment, urging a general demurrer, holding the petition insufficient, in that it failed to allege any time in which defendant agreed to pay the amount sued for; and hence it reversed and remanded the case. 199 S. W. 822.

[1] In this action of the honorable Court of Civil Appeals, we think there was error. The allegations of the petition certainly alleged a contract, and we think a breach of it. It may be, as is often the case, that the alleged contract did not specify the date the respective sums were to be paid; nevertheless, the law in that event would write into the agreement a stipulation that the payments were to be made within a reasonable time. Plaintiffs having alleged that, although often requested, defendant wholly failed and refused to pay the same, sufficiently charged a noncompliance with the stipulation to pay the sum within a reasonable time.

[2, 3] Indulging, as we must, every reasonable presumption in favor of the sufficiency of the petition, and treating everything alleged as admitted by the demurrer, two facts are prominent: One that defendant agreed to pay the sum specified; the other that there had been a positive refusal to pay it. The controversy is thus narrowed to a question of whether the suit was prematurely brought; and, as stated by Chief Justice Hemphill in Grimes v. Hagood, 19 Tex. 248:

"* * * If suit is brought prematurely, that is matter to be shewn and established by the defense."

We think the petition good as against a general demurrer.

We recommend that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to that court for the consideration of the defendant's assignments of error involving questions properly within the jurisdiction of that court.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of

---

Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes