## HART–PARR CO. v. PAINE et al.
### (No. 757.)

(Court of Civil Appeals of Texas. El Paso.
April 28, 1921. Rehearing Denied
May 19, 1921.)

Trial ☞260(1)—Where requested issues covered in general charge refusal not error.

Where the matters referred to in issues requested by defendant were sufficiently covered in the general charge, the refusal of such issues was not error.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by H. A. Paine and P. L. Shuford against the Hart-Parr Company. From judgment for plaintiffs, defendant appeals. Affirmed.

B. F. Louis, of Houston, for appellant.

Andrews, Streetman, Logue & Mobley, of Houston, for appellees.

### Statement of Case.

HIGGINS, J. Heretofore this case was reversed and remanded. 199 S. W. 822. Upon writ of error the judgment of this court was reversed by the Supreme Court (228 S. W. 121) and the cause remanded for the consideration of assignments not passed upon in the original opinion. The suit was by the appellees, H. A. Paine and P. L. Shuford, against the appellant.

The material allegations of the petition as shown by the opinion of the Commission of Appeals are as follows:

"Plaintiffs sued defendant, a corporation, alleging in substance:

"That they jointly and as partners entered into a contract with defendant whereby they became its agent in Houston and surrounding territory to sell and distribute machinery and supplies manufactured by defendant at its plant, and to perform other duties as such agents.

"That in pursuance with the agreement they took charge of defendant's plant and warehouse, and expended considerable sums of money as contemplated, in preparation for business reasonably expected would be done, from which they were to recover commissions.

"That subsequently a disagreement arose involving a variety of matters, in which each charged the other with violations of the agreement, and as a result it became apparent that they would be unable to satisfactorily conduct the business, and plaintiffs gave notice of cancellation of the contract and demanded settlement.

"That in response to said notice defendant sent its authorized agent to adjust the differences between the parties, who entered into a compromise agreement in behalf of defendant, whereby plaintiffs should pay the sum of $323.-43 to defendant and defendant should pay the sum of $1,538 to plaintiffs.

"That said $1,538 was the amount which defendant's agent agreed to pay plaintiffs in full

settlement and satisfaction of all demands by them against defendant, and that, in consideration of such compromise and settlement, defendant's agent promised, bound, and obligated defendant to pay said sum, and to accept $323.43 as representing the amount due it.

"That, although often requested, defendant failed and refused, and now fails and refuses, to pay said sum of $1,538, or any part thereof, to the plaintiffs' damage. There was a prayer for general relief."

228 S. W. 121.

The nature of the defendants' defense is sufficiently shown in the court's charge, which is as follows:

"In this case the plaintiffs, Paine and Shuford, sue the defendant, Hart-Parr Company, and allege in substance that a compromise agreement of differences heretofore existing between said parties was entered into, whereby the plaintiffs were to pay to the defendant the sum of $323.43, and the defendant would pay to the plaintiffs the sum of $1,538, without conditions of contingencies being alleged with reference to said payments.

"The defendant denies that such agreement was made, and denies that an unconditional agreement was made to pay the plaintiffs said sum of money so alleged, and further alleges that, whatever sum the defendant agreed to pay plaintiffs, same was conditioned upon the settlements, and acceptance of such settlements, for certain orders of tractors of 'Little Devils,' and alleges that certain of said orders were never settled or settlements accepted therefor.

"Now this matter will be submitted to you upon special issues, the answers to which you will give upon a separate sheet of paper, one of your number signing same as foreman.

"You being the exclusive judges of the facts proven, of the credibility of the witnesses, and of the weight to be attached to their testimony, but the law you will receive from the court, and, applying the same to the facts so found by you, return your answers accordingly.

"In this connection you are charged that the burden is upon the plaintiffs to prove by a preponderance of the evidence all the material allegations in their petition entitling them to recover herein.

"The evidence in this case shows that some time in March, 1915, there was a conference in the office of W. G. Love, in Houston, Tex., participated in by E. L. Jaco, representing the defendant Hart-Parr Company, and H. A. Paine and P. L. Shuford, plaintiffs herein. You will therefore answer the following questions propounded, touching what transpired at said conference above mentioned:

" 'Special issue No. 1: Did E. L. Jaco, acting for defendant Hart-Parr Company, promise and agree unconditionally to pay plaintiffs Paine and Shuford the sum of $1,538 in adjustment of the matters then being urged by and between said parties, and did said Paine and Shuford agree to accept same?' You will let your answer be either, 'The parties hereto did make such unconditional agreement,' or 'the parties hereto did not make such unconditional agreement,' as you may find the facts to be.

"If you answer the foregoing in the negative, then you need not answer the succeeding question, but, if you answer same in the affirmative, then state in answer to

" 'Special issue No. 2: Did the plaintiffs herein agree to pay unconditionally to said E. L. Jaco for the defendant, Hart-Parr Company, the sum of $323.43 as representing the balance due by them upon the repair account; and did the said Jaco for said defendant company agree to accept same?' You will let your answer be either, 'The parties hereto did make such unconditional agreement,' or 'The parties hereto did not make such unconditional agreement,' as you may find the facts to be.

"You are charged that, any agreement as alleged herein between the parties to be binding, it is essential that the minds of both parties to said agreement must meet and agree on a common intention, and such common intention must be communicated by the one to the other."

In response to the issues submitted the jury found that such unconditional agreements were made. In accordance with such findings judgment was rendered for the plaintiffs.

### Opinion.

The first and second assignments question the sufficiency of the evidence to support the jury's findings. An examination of the statement of facts leads us to the conclusion that there is sufficient evidence to support the findings, and that this court would not be warranted in setting aside the findings. It is not altogether satisfactory, but we are not prepared to say that it is insufficient.

The third assignment questions the sufficiency of the petition as against a general demurrer. This is ruled adversely to appellant by the opinion of the Commission of Appeals. 228 S. W. 121.

The remaining assignments complain of the refusal to submit certain special issues requested by appellant. The matters referred to in the requested issues were sufficiently covered in the general charge, for which reason their refusal presents no error.

Affirmed.