HAMILTON v. FIREMAN'S FUND INS. CO. (No. 5474.)†

(Court of Civil Appeals of Texas. Austin. May 19, 1915.)

1. APPEAL AND ERROR ☞1062 — REVIEW — HARMLESS ERROR.

The submission of a question which was answered in such a manner as to accord with defendant's contention as to the facts is not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. ☞1062.]

2. TRIAL ☞192 — INSTRUCTIONS — ABSTRACT INSTRUCTIONS.

The charge may assume undisputed facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. ☞192.]

3. INSURANCE ☞328—OWNERSHIP OF PROPERTY—SALE—WHAT CONSTITUTE.

The seller of an automobile sold it, reserving title to secure the unpaid purchase money. He also retained an insurance policy for further security. Thereafter the buyer mortgaged land to the seller, receiving a few hundred dollars in money and his note for the price of the automobile. Held that, in view of Rev.

---

St. art. 5654, declaring that all reservations of title to chattels to secure the purchase money shall be held chattel mortgages, there was an absolute sale with reservation of a chattel mortgage, and hence the policy on the machine was avoided, as it declared that a change in title should invalidate it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 794–822, 825; Dec. Dig. ☞328.]

**4. INSURANCE ☞282—FIRE POLICIES—INVESTIGATION.**

Where a policy holder stated absolutely that he owned the automobile destroyed, the insurer is not bound to make further inquiries to ascertain whether the statement is true.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 601–635; Dec. Dig. ☞282.]

**5. INSURANCE ☞392—FIRE POLICIES—WAIVER OF BREACH OF CONDITION.**

Where the agent of the insurer knew that the insured sold his automobile, but reserved the policy as security, the company's failure to cancel the policy and return the unearned premium waived a condition that a change in title should avoid it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1041–1056, 1058–1070; Dec. Dig. ☞392.]

**6. APPEAL AND ERROR ☞934—REVIEW—PRESUMPTIONS.**

Where defendant did not request the submission of an issue to the jury, it must, in support of the judgment, be presumed that the trial court decided such issue in favor of plaintiff, for whom it rendered judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3782; Dec. Dig. ☞934.]

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Action by the Fireman's Fund Insurance Company against J. W. Hamilton. From a judgment for plaintiff, defendant appeals. Affirmed.

Spivey, Bartlett & Carter, of Marlin, for appellant. Locke & Locke, of Dallas, for appellee.

### Findings of Fact.

JENKINS, J. This suit was brought by appellee to recover of appellant $1,000, and interest, alleged to have been collected by means of fraudulent misrepresentations of loss under a policy of insurance on an automobile. On April 28, 1912, appellee issued to appellant a policy on his automobile for $1,000 from said date to April 28, 1913. The policy contained, among other things, a stipulation that it should be void in case of transfer or termination of sole ownership by the insured or any change of the nature of the insurable interest of the insured in the property by sale or otherwise, and also in case the car should be used in carrying passengers for compensation. In June, 1912, Rex Mitchell was negotiating through Ward & Phillips, of Rosebud, Tex., for a loan of $2,000 on a tract of land owned by him. About July 4th he made known the fact to appellant that he expected to obtain said loan, and offered appellant $1,400 for his car, which he expected

to pay out of said loan. Appellant sold Mitchell the car for that amount, taking his note therefor, with the understanding that the title to the car was to remain in appellant until the note was paid. On the bottom of the note was indorsed that a mortgage was retained on the car to secure the same. Appellant also stated to Mitchell that he would retain the insurance policy until the car was paid for. The car was turned over to Mitchell at this time, and he remained in possession thereof until it was destroyed by fire, which occurred August 14, 1912. About the 5th of August appellant ascertained from Ward that Mitchell had been unable to obtain the loan. Appellant then agreed to loan Mitchell $2,000 on his land and take his note for that amount and deed of trust on the land to secure the same. He paid Mitchell $600 in cash, and Mitchell returned to appellant the $1,400 note, which was destroyed, Mitchell retaining the car. Shortly after this Ward purchased the land from Mitchell agreeing to pay him $1,000 in cash, sell him an automobile, and assume the $2,000 mortgage to appellant. The automobile was delivered by Ward, and $800 of the cash payment was made, $200 being reserved until title was shown to be satisfactory. The title was subsequently accepted by Ward, and the additional cash payment was made. Mitchell used the car while he was in possession of the same for purposes of hire. On August 23d A. L. Canfield, the adjuster of appellee, came to Rosebud, where appellant lived, and informed him that he was there for the purpose of adjusting the loss. Appellant told Canfield that the remains of the car were at Cameron, and in explanation thereof stated that at the time it was destroyed it was being driven by Rex Mitchell. They went to Cameron, viewed the remains of the car, and Canfield agreed that it was a total loss. They then returned to Rosebud, and proof of loss was made out, which was signed and sworn to by Hamilton, which stated that the car was destroyed by fire on August 14, 1912; that at the time of its destruction it was being driven by Rex Mitchell, who was engaged in carrying a party out for a ride from Cameron to Rockdale; that the automobile at the time of the loss belonged to J. W. Hamilton, and no other person or persons had any interest therein, and that no other person had had any interest therein or mortgage thereon during the currency of the policy. A draft for $1,000 was sent by the company to appellant, who deposited the same with Booth, cashier of the bank, as trustee, the proceeds to be paid to Mitchell when Ward became satisfied with Mitchell's title. Nine hundred dollars of the proceeds were subsequently paid to Mitchell's mother on his order; $100 being retained by appellant for his services in collecting the insurance.

The case was tried before a jury on special

issues, and the court submitted the following questions:

"(1) Did A. L. Canfield at the time of the adjustment of defendant's claim on August 23, 1912, know that the defendant before the fire had sold the car to Rex Mitchell, and that at the time of the fire the defendant had no interest therein? To which the jury answered, 'No.'

"(2) If you have answered the preceding question in the negative, then you will answer the question: Was any information given by the defendant to A. L. Canfield at the time of the adjustment of defendant's claim on August 23, 1912, which a fire insurance adjuster, in the exercise of ordinary care, would have followed up by inquiries of other persons than the defendant, for the purpose of ascertaining whether the defendant had sold the car to Rex Mitchell prior to the fire, and which, if followed up, reasonably would have resulted in knowledge by such adjuster that the defendant had sold the car to Rex Mitchell prior to the fire?"

The jury, after answering the first question in the negative, stated to the court that they were unable to agree upon an answer to the second question. Thereupon the court withdrew the second question from the jury, received their verdict, and entered judgment thereon that appellee recover of the appellant the $1,000 paid on the loss, with legal interest thereon.

### Opinion.

[1-3] Under proper assignments of error appellant submits the proposition that it was error to submit said question to the jury, for the reason that appellant did not contend that the adjuster knew that the car had been sold to Mitchell, and that appellant had no interest therein; his contention being that the car had not been sold, and therefore the adjuster could not have known that it had been. The answer of the jury sustains appellant's contention as to the fact that Canfield did not know of the sale, and therefore furnishes no ground for complaint. Appellant also complains of said question for the reason that it assumes as a fact that the car had been sold to Mitchell, and is therefore a charge upon the weight of the evidence. There was no error in this assumption, for the reason that the undisputed facts show that appellant had sold the car to Mitchell. The first transaction, as set out in the findings of fact, constituted a sale with a chattel mortgage to secure the purchase money. Our statute provides:

"All reservation of the title to the property in chattels, as security for the purchase money thereof, shall be held to be chattel mortgages." R. S. art. 5654.

The second transaction, as above set out, constituted a surrender of the chattel mortgage, and was a completed sale. At the time of the first transaction appellant stated to Mitchell that he would not turn over to him the insurance policy, but would retain the same as additional security for the payment of the $1,400 note. At the time of the second transaction appellant stated to Mitchell that he would still retain the insurance policy as additional security for the loan which he had made him; and after the land was sold to Ward appellant stated that he would continue to hold the insurance policy as security to his mortgage on the land until the deal between Mitchell and Ward was finally closed. These agreements did not prevent the transaction from being a sale of the automobile. Appellant was simply mistaken in supposing that he could collect the policy in case of loss. Under the terms of the policy the sale to Mitchell rendered the same void.

[4] The court did not err in withdrawing the second question from the jury. The appellant having made a positive statement under oath that he was the sole owner of the automobile at the time of its destruction, the appellee was not required to make further inquiry. Griffeth v. Hanks, 46 Tex. 219; Labbe v. Corbett, 69 Tex. 509, 6 S. W. 808; Mortgage Co. v. Pace, 23 Tex. Civ. App. 222, 56 S. W. 384-385; Railway Co. v. Harris, 65 S. W. 887-888; Hall v. Bank, 36 Tex. Civ. App. 317, 81 S. W. 766, 767; Hammel v. Benton, 162 S. W. 38. It is immaterial that appellant believed the statements made by him to be true. Benton v. Kuykendall, 160 S. W. 441; Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1142. Such mistake on the part of appellant did not arise from any mistake of fact, but could have arisen only from his mistake as to the law in such case.

[5, 6] Appellant argues that appellee waived its right to object to the sale of the automobile, for the reason that J. D. Rea, the local agent of appellee, knew of such sale. Had this been true, and had appellee, after acquiring such knowledge, failed to cancel the policy and return the unearned portion of the premium, it would have constituted a waiver of the clause of forfeiture with reference to sale. Insurance Co. v. Jackson, 160 Ky. 228, 169 S. W. 696; Assurance Co. v. Francisco, 123 S. W. 1147. But the evidence does not show that Rea had knowledge of such sale. Hamilton informed Rea that he had conditionally sold the automobile to Mitchell, but that he had not sold it. Rea told him that if he closed the deal it would be necessary to transfer the policy to Mitchell, and that if the transaction was closed to let him know and he would secure such transfer. Rea had no further information with reference to the subject.

But, aside from this, the issue as to Rea's knowledge of the transaction was not submitted to the jury, and appellant did not request that such issue be submitted, and has assigned no error upon the failure to submit this issue. It was the duty of the court to pass upon all issues not submitted to the jury, and the presumption is that he did so, and that his findings thereon support the judgment. The evidence is sufficient to sustain a finding that Rea had no knowledge of the sale. Article 1985, R. S.; Railway Co. v. Botts, 22 Tex. Civ. App. 609, 55 S. W. 514;

Moore v. Pierson, 93 S. W. 1008; Edelstein v. Brown, 95 S. W. 1129.

The court should have directed a verdict in favor of appellee, because: (1) The undisputed evidence showed that appellant had made an absolute sale of the automobile to Rex Mitchell; (2) in any event, it is certain that Mitchell had an interest in the automobile, and that appellant was not the sole and unconditional owner thereof at the time of its destruction; (3) that the automobile was used for hire. None of these facts were known to the company or its agent at the time the loss was adjusted and paid.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.