# OCTOBER, 1926

MRS. SALLIE FLEMING ET AL. V. MRS. BETTIE PELLUM.

Application No. 14731.    Decided October 6, 1926.

(287 S. W., 492).

**1.—Supreme Court—Writ of Error—Conflict of Decisions.**

The Supreme Court will not grant writ of error to settle conflicts in decisions by Courts of Civil Appeals on points which it has already necessarily determined and on which the appellate court has followed its rulings. (P. 132). ·

**2.—Same—Preserving Evidence on Motion.**

The ruling of the Supreme Court in Stephenson v. Nichols, 286 S. W., 199 (by adoption of the judgment recommended by Commission of Appeals), necessarily determined that evidence on a motion for new trial may be preserved for review on appeal under Art. (2073) 2246, Rev. Stats., 1925, though not embodied in a bill of exceptions filed during the term. This settled the conflict between the like ruling of the appellate court herein and the contrary decision in Smith v. Texas Power & Light Co., 206 S. W., 119. (P. 131).

**3.—Same—Assignment of Error—Sufficiency of Evidence—Findings of Court.**

The ruling of the Supreme Court in .Temple Hill Devel. Co. v. Lindholm, 231 S. W., 321 (adoption of judgment of Commission), determined the sufficiency of an assignment of error in overruling a motion for a new trial on the ground of insufficiency of evidence without attacking the court's findings of facts subsequently filed. This settled any supposed conflict of the rulings herein with Reed v. Murphey, 276 S. W., 951, or Double v. Sawtell, 271 S. W., 646.   These cases, moreover, are distinguishable from the present one.   (Pp. 131, 132).

Application to the Supreme Court for writ of error to the Court of Civil Appeals for the Tenth District in an appeal from Coryell County.

*McClellan & Cross,* for applicant.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The jurisdiction of the Supreme Court is invoked by this application to determine the conflict between the decision in this case that a bill of exceptions or a statement of facts, in so far as it relates to testimony taken on a motion for new trial, comes within the terms of Art. 2073 of the Revised Statutes of 1911, now Art. 2246, and the contrary decision in Smith v. Texas Power & Light Company, 206 S. W., 119.

Because of the conflict in the decisions of the Courts of Civil Appeals as to whether Art. 2246, formerly 2073, authorized the perpetuation of testimony on motions for new trial, the Supreme Court granted a writ of error in the case of Stephenson v. Nichols, 286 S. W., 199. In that case, it was held, in an opinion by the Commission of Appeals, that testimony on motions for new trial could be preserved under the provisions of this article, though not embodied in a bill of exceptions filed during the term, and for that reason alone the Commission of Appeals recommended a certain judgment, which this Court caused to be entered. Stephenson v. Nichols, 286 S. W., 199.

Our jurisdiction is also invoked to determine a conflict between the opinion in this case and the opinions in Reed v. Murphy, 276 S. W., 951, Double v. Sawtell, 271 S. W., 646, and other cases, on the question whether a party can have his assignments of error considered which complain of the insufficiency of evidence to support a judgment, where he challenged the sufficiency of the evidence by proper assignments, on motion for new trial, and duly excepted to the judgment against him, but made no specific complaint of findings of fact, which the court filed after his motion for new trial was overruled.

There is no conflict between the opinion in this case and the opinion in Reed v. Murphy or Double v. Sawtell, for the reason that it does not appear that a motion for new trial was filed in either of the last named cases containing specific assignments challenging the sufficiency of the facts to support the judgment, which assignments were urged in the Court of Civil Appeals, as is the case here. And, in Temple Hill Development Company v. Lindholm, 231 S. W., 321, which is later than any of the other alleged conflicting decisions, this Court remanded the case to the Court of Civil Appeals, with directions to con-

sider assignments challenging the sufficiency of the facts to support a judgment, when the party appealing had attacked the judgment as without proper support in the evidence, on motion for new trial, but had filed no assignments containing specific attacks on the findings of fact which were afterwards filed. The holding in the opinion of the Commission of Appeals, under which the case of Temple Hill Development Company v. Lindholm was remanded, was expressly approved by the Supreme Court, and was followed by the Court of Civil Appeals in this case. Thus it appears that the Supreme Court has entered judgments which necessarily determine the questions about which the assigned conflicts have arisen, and the action of the Court of Civil Appeals, which we are now asked to review, is in accord with our action.

The Supreme Court will not continue to grant writs of error to settle conflicts in decisions of Courts of Civil Appeals on points it has already necessarily determined, where the Court of Civil Appeals has not failed to follow the Supreme Court.

We find no error presented by assignments not specifically discussed.

The writ of error is refused.