**UNITED STATES FIRE INS. CO. OF NEW YORK v. FARRIS.   (No. 548.)**

Court of Civil Appeals of Texas.   Waco.
June 30, 1927.

1. Insurance ⬤�businessⓌ282(5)—Husband occupying property as homestead in which wife had life interest held not "sole and unconditional owner," within fire policy (Rev. St. 1925, arts. 4614, 4616, 4623).

Husband occupying property with his wife as a homestead which his wife held in trust for herself and her sister for life, without the power of sale, *held* not to be "sole and unconditional owner" within the terms of a fire insurance policy, especially in view of Rev. St. 1925, arts. 4614, 4616, 4623.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Sole and Unconditional Ownership.]

2. Insurance ⬤⟏282(5)—Husband occupying property as homestead, in which wife had life interest, held not invested with "fee-simple title" within fire policy (Rev. St. 1925, arts. 4614, 4616, 4623).

Husband occupying property as a homestead, which his wife held in trust for herself and her sister, with remainder to the survivor, or to children, *held* not invested with "fee-simple title" within the requirements of fire insurance policy, in view of Rev. St. 1925, arts. 4614, 4616, 4623.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fee Simple.]

3. Insurance ⬤⟏282(3)—Person holding property in trust for herself and sister, without power of sale held neither "sole nor unconditional owner" within fire policy.

Person holding property in trust for herself and her sister, without the power of sale, remainder to the survivor for life, and, if either should die leaving children, then to the children, *held* neither "sole nor unconditional owner" within the requirements of a fire insurance policy.

4. Insurance ⬤⟏282(1)—Statute providing that misrepresentations in insurance contracts will not be defense, unless material, held inapplicable to ownership provision in fire policy (Rev. St. 1925, art. 5043).

Rev. St. 1925, art. 5043, providing that false statements in contracts of insurance will not constitute defense, unless material, *held* inap-

plicable to a provision in a fire insurance policy providing that the insured must be sole and unconditional owner of the property insured.

**5. Insurance ⇐═282(1)—Noncompliance with ownership requirements of fire policy held to preclude recovery.**

Where insured was not sole and unconditional owner of property covered in fire insurance policy, and not owner in fee simple of land on which insured building was situated, as required by policy provision, *held* that the policy was void, and there could be no recovery for loss.

**6. Appeal and error ⇐═719(6)—Where sufficiency of evidence was challenged in motion for new trial, reviewing court must pass on evidence, notwithstanding trial court's fact findings, which support judgment, are not questioned by separate assignments of error.**

Where the sufficiency of the evidence was challenged in a motion for a new trial, which was overruled, the reviewing court must pass on the evidence, notwithstanding that the appellant has not challenged the trial court's findings of fact supporting the judgment by separate and specific assignments of error.

**7. Insurance ⇐═665(8)—Evidence held insufficient to support finding that agent issuing fire policy knew insured did not own property and waived ownership requirements.**

Evidence that agent issuing fire insurance policy without written application made no inquiry concerning title, and knew that the insured occupied the premises as a home, *held* insufficient to support a finding that the agent knew that the insured was not the sole and unconditional owner, and hence waived ownership requirements of the policy.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by C. F. Farris against the United States Fire Insurance Company of New York. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

E. G. Senter, of Dallas, for appellant.
Collins & Dupree, of Hillsboro, for appellee.

GALLAGHER, C. J. Appellee, C. F. Farris, instituted this suit against appellant, United States Fire Insurance Company of New York, in the district court of Hill county to recover on a fire insurance policy issued to him by appellant covering a dwelling house, a barn, and certain household furniture. He alleged that the dwelling house, insured for $700 and the barn, insured for $300, were totally destroyed, and that the household furniture insured for $450 was partially destroyed. Appellant pleaded that the policy sued on provided that:

"This entire policy, unless otherwise provided by an agreement indorsed herein or added hereto, shall be void if the interest of the insured in the property be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple."

Appellant further pleaded that appellee was not the sole and unconditional owner of the property insured, and that said buildings were not situated on ground owned by the insured in fee simple; that same constituted a breach of such provision in the policy; and that by reason thereof said policy never became a valid or binding obligation. Appellant tendered to appellee the entire premium received by it for the issuance of such policy. Appellee pleaded in reply to said defense that all the property covered by said policy was in his possession, and that he had an insurable interest therein; that the dwelling house was used and occupied by him and his wife as a home, and that the household furniture was used by them therein, and that the premises upon which said buildings were situated constituted his homestead. He also pleaded that appellant's agent, at and before the time he issued the policy sued on, knew the status of the title to the property covered thereby, and knew that said premises and the improvements thereon were used and occupied by him and his wife as a homestead.

The case was tried before the court on an agreed statement of facts. Said agreed statement of facts shows that the policy sued on was issued to appellee in his own name; that the same was issued without any written application; and that no representations with reference to title or possession were made in connection with the issuance thereof. Said statement further shows that all the property covered by said policy was situated on a tract of farming land consisting of 250 acres; that said land, as well as a part of the household furniture, were formerly the property of J. A. Lowe, deceased; that said Lowe devised all his property, real and personal, to his niece, Miss Mamie Davis, subject to the limitations and charges imposed by his will; that, according to the provisions of said will, said devisee was to have charge of his estate and control the same, but was to pay to her sister, Miss Mattie Davis, one-half of the net annual revenues arising therefrom so long as her said sister should live; that said will further provided that, in event of the death of said Miss Mamie Davis, the estate should pass to her said sister, but that, if either should die, leaving a child or children surviving, such child or children should succeed to the estate; that said will further declared that it was the purpose of the testator that his net estate should constitute a trust fund for the use and benefit of said two sisters, but that no land should be sold so long as either of them should live. Said agreed statement further shows that Miss Mattie Davis was living at the time of trial; that she was married, and resided in a distant state, and had never lived on said property since the death of the testator; and that she had never exercised any management or control over the same; that shortly

after the death of said testator Miss Mamie Davis married appellee, C. F. Farris; that she and her husband moved onto said property, and have used and occupied the same as a home ever since; that a part of the household furniture destroyed was acquired and held under said will; and that a part thereof was acquired by appellee since his marriage. Said statement further shows that the dwelling house and barn were each a total loss, and that household furniture of the value of $372.25 was destroyed. Said statement further shows that said policy was issued without a written application, and without inquiry or representation about the title of the property covered thereby, but that the agent knew appellee and his wife personally, and knew they occupied the premises as a home. The policy sued on was introduced in evidence and contained the provision pleaded and relied on by appellant. The court rendered judgment against appellant in favor of appellee for the sum of $1,-372.25, which judgment is here presented for review.

## Opinion.

[1, 2] Appellant contends that the agreed statement of facts shows that appellee was not the sole and unconditional owner of the property destroyed, and that he did not own in fee simple the ground on which the buildings were situated, and that such showing precludes a recovery by him, and requires a reversal of the judgment. The insured is the sole owner of property covered by a policy of fire insurance when no other person has any interest therein, and he is the unconditional owner thereof when the quality of his estate therein is not limited or affected by any condition. Rochester German Ins. Co. v. Schmidt, 89 C. C. A. 333, 162 F. 447, 450, 451; Hartford Fire Ins. Co. v. Keating, 86 Md. 130, 38 A. 29, 31, 63 Am. St. Rep. 499. Appellee claimed no interest in any of the property devised to his wife by the will of said testator, except such as accrued to him by virtue of his relation to her and the use and occupancy of the premises as a homestead. Our statutes now give the wife the sole control and management of her separate property, and the management, control, and disposition of the rents and revenues thereof. R. S. arts. 4614, 4616 and 4623; Arnold v. Leonard, 114 Tex. 536, 544–547, 273 S. W. 799, 804, 805. The use and occupancy of the separate property of the wife as a homestead does not constitute the husband the sole and unconditional owner of the improvements thereon, nor invest him with the fee-simple title to the land upon which they are situated. Sun Insurance Office v. Beneke, (Tex. Civ. App.) 53 S. W. 98, 101 (writ refused); German-American Ins. Co. v. Paul, 2 Ind. T. 625, 53 S. W. 442, 444; Bacot v. Phenix Ins. Co., 96 Miss. 223, 50 So. 729, 25 L. R. A. (N. S.) 1226, 1228–1230, Ann. Cas. 1912B, 262, and authorities there cited; 14

R. C. L. p. 1055, § 232; 26 C. J. p. 180, § 219. We do not mean to say that the homestead right is not sufficiently substantial to constitute an insurable interest. See Continental Fire Ass'n v. Wingfield, 32 Tex. Civ. App. 194, 73 S. W. 847, 848; Bacot v. Phenix Ins. Co., supra; 26 C. J. p. 36; Rolater v. Rolater (Tex. Civ. App.) 198 S. W. 391, 393; Kludt v. German Mut. Fire Ins. Co., 152 Wis. 637, 140 N. W. 321, 45 L. R. A. (N. S.) 1131, 1135, 1136, Ann. Cas. 1914C, 609.

[3] Such an interest can be fully covered and protected under the express terms of the provision relied on by appellant in this case, by an agreement indorsed on or added to the policy. We merely hold that one vested alone with the homestead right in land belonging to the wife as her separate estate cannot insure the improvements thereon as the sole and unconditional owner thereof and as having title to such land in fee simple. Appellee's wife was by the terms of the will vested with the legal title and the right to control and manage said property, but she was expressly prohibited thereby from selling the same. She, however, held said property, both real and personal, in trust for the equal use and benefit of her sister and herself. Said will provided that, if she died before her sister, her interest should pass to her sister, unless she left a child or children surviving her, and that in such event her share of the property should pass to such child or children. Her ownership of the property was therefore neither sole nor unconditional. Fireman's Fund Ins. Co. v. Wilson (Tex. Com. App.) 284 S. W. 920, 921, par. 4; Fire Association of Philadelphia v. Calhoun, 28 Tex. Civ. App. 409, 67 S. W. 153, 154; Rochester German Ins. Co. v. Schmidt, supra; 26 C. J. pp. 178–9, §§ 216–218.

[4, 5] Appellee in this connection invokes the provisions of article 5043 of the Revised Statutes, and contends that, in event he is held not to have been the sole and unconditional owner of the property insured, such fact is no bar to a recovery by him, in the absence of proof that the same was material to the risk, or contributed to the loss or destruction of said property. Said statute has been held not to apply to the stipulation here under consideration. National Fire Ins. Co. v. Carter (Tex. Com. App.) 257 S. W. 531–532, and authorities there cited. The provision in the policy sued on that the same should be void, if the insured was not the sole and unconditional owner of the property covered thereby, and the owner in fee simple of the land on which the insured buildings were situated, was valid, and, unless waived, precluded a recovery for the loss or destruction of any property of which he was not sole owner. Crescent Ins. Co. v. Camp, 64 Tex. 521, 526–528; Springfield Fire & Marine Ins. Co. v. Whatley (Tex. Civ. App.) 279 S. W. 287, 288; Springfield Fire & Marine Ins. Co. v. Green (Tex. Civ. App.) 36 S. W.

143, 144; Home Insurance Co. of New Orleans v. Smith (Tex. Civ. App.) 32 S. W. 240; Simonds v. Firemen's Fund Ins. Co. (Tex. Civ. App.) 35 S. W. 300. See, also, Insurance Co. of North America v. O'Bannon, 109 Tex. 281, 284, 285, 206 S. W. 814, 1 A. L. R. 1407; Insurance Co. of North America v. Wicker, 93 Tex. 390, 396, 55 S. W. 740; Merchants' & Bankers' Fire Underwriters v. Williams (Tex. Civ. App.) 181 S. W. 859, 861, 862.

[6, 7] The trial court filed conclusions of fact. Such findings were not excepted to by appellant nor challenged by any assignment of error filed in the trial court. Appellee contends that such findings show a waiver of the stipulation with reference to sole and unconditional ownership, and that appellant is bound thereby, and cannot assail the same for the first time in this court. That said stipulation can be waived, and that it is waived by the issuance and delivery of a policy insuring property when the agent issuing and delivering the same knows at the time that the insured is not such an owner, is well established. St. Paul Fire & Marine Ins. Co. v. Kitchen (Tex. Com. App.) 271 S. W. 893, 894, and authorities there cited. Appellant, however, in its motion for a new trial, expressly attacked the judgment of the court on the ground that it was without support in the evidence, and contended that the agreed statement of facts showed that the insured was not the sole and unconditional ·owner of the property covered by said policy. The court overruled said motion. In such cases it is the duty of this court to consider and pass upon the sufficiency of the evidence to sustain the judgment, notwithstanding the findings of fact filed by the trial court are not challenged by separate and specific assignments of error and are in themselves sufficient to support such judgment. Fleming v. Pellum (Tex. Sup.) 287 S. W. 492; Pellum v. Fleming (Tex. Civ. App.) 283 S. W. 531, 534; Temple Hill Development Co. v. Lindholm (Tex. Com. App.) 231 S. W. 321. The facts shown by the agreed statement upon which this case was tried are insufficient to support a finding that the agent who solicited the insurance, and issued and delivered the policy to appellee, had such information with reference to the ownership of said property as would constitute such action on his part a waiver of said provision.

The judgment of the trial court is reversed, and the cause remanded.