**H. B. "Tex" LANGFORD, Appellant,**

v.

**Pauline MOODY and L. O. Moody, Appellees.**

**No. 10535.**

Court of Civil Appeals of Texas.

Austin.

Jan. 8, 1958.

W. Lance Corsbie, Waco, Neil E. Clinkenbeard, Killeen, for appellant.

Curtis, Duncan & Bragg, Crawford & Harris, Killeen, Taylor & Taylor, Temple, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment in favor of appellee Pauline Moody for $4,540.57 and against appellant.

On December 1, 1952, appellee was the owner of a retail store in Killeen, Texas, consisting of stock, merchandise and equipment, and appellant was the owner of a pawn shop, jewelry store and loan business in Killeen, Texas.

During February, 1953, appellee joined by her husband L. O. Moody entered into a partnership with appellant and appellee's property was given a value of $4,816.12, and appellant's property was given a value of $8,243.87. The partnership agreement provided for management, salaries and rental.

A disagreement arose between the partners and this litigation resulted.

A jury was empaneled and after appellant had testified, having been called by appellee, no other testimony being offered, the Court instructed the jury to return a verdict for appellee for $4,540.57.

The appeal is based on nine points assigned as error and are to the effect that the Court erred in granting the motion of appellee for an instructed verdict; because there was no evidence that any contribution made to the partnership was in the capacity of a married woman, or from any separate funds of appellee, and that there was no evidence that appellee occupied the position of a creditor; in failing to grant appellant's motion for verdict because there was no evidence showing any lack of capacity on the part of appellee, nor was there any evidence of any debt, or the amount or justice thereof; that there was no pleading or proof that appellee was a creditor, and finally that the Court erred in filing a supplemental statement of facts.

The assignments are grouped and briefed together.

Appellant asserts that in order for appellee to recover as a creditor she was required to show a valid marriage, that her disabilities of coverture had not been removed, and that the property entering into the partnership was her separate property, and that there is no evidence upon the foregoing essential points.

Appellee's position is that her suit was for damages for fraud and breach of partnership, or in the alternative she prayed for recission and return of her investment.

In a pretrial proceeding on March 11, 1957, the Trial Court in sustaining some exceptions on motion of appellant required appellee to proceed to trial solely as a creditor of the partnership to the extent of her investment. To obtain such order appellant contended that this case was within the rule that a married woman, investing her separate property in a mercantile business, without removal of disabilities of coverture, is as a mater of law, merely a creditor.

Appellant testified as to the value of appellee's investment and on this evidence the Trial Court granted appellee's motion for instructed verdict.

Appellant testified that the agreed value of Mrs. Moody's contribution was $4,816.12, and as to the operation of the business.

■ At the conclusion of Mr. Langford's testimony both parties filed motions for instructed verdict and the Court granted appellee's motion. We believe that the Court was in error in granting the motion for instructed verdict in favor of appellee. Appellee did not offer any testimony as to her marital status, or as to the source of the sum invested, or that she had had her disabilities of coverture removed.

■ We do not believe the Court erred in filing the supplemental statement of facts. The proceedings imbodied in such statement were had before the Trial Court on March 11, 1957, and before the jury on March 12, 1957, and the statement of facts prepared by the court reporter covered only the proceedings had on the 12th, and the supplemental statement of facts reflect the record of the proceedings had on the 11th of March.

This record contains the testimony of an attorney for appellant and is to the effect that a motion for summary judgment by appellee was presented and certain exceptions were made by appellant which were later sustained; that the witness had a casual acquaintance with Mrs. Moody but did not know whether or not she was married or if she had her disabilities of coverture removed, or if the property put into the partnership was separate or community; that a subpoena was issued for L. O. Moody but was not served and Moody did not appear; that Mrs. Moody was present during the hearing on the exceptions and during the trial.

An attorney for appellee testified that appellant presented his exceptions and argued the law point concerning a married woman entering into a partnership and that she could not be a partner but only a general creditor.

Fleming v. Pellum, 116 Tex. 130, 287 S.W. 492.

The judgment of the Trial Court is reversed and the cause remanded.

Reversed and remanded.

HUGHES, Justice (concurring).

I agree that this cause must be remanded for lack of evidence to prove that appellee invested her separate property in the partnership. I express no opinion on other questions presented as they become immaterial to this appeal and should not recur upon retrial.