**OLD RELIABLE FIRE INSURANCE COMPANY, Appellant,**

v.

**ALDURO–RAYNES ARABIANS, INC., Jacques Moreau, Ermine Moreau-Sipiere, Xavier Moreau-Sipiere, and Eric Moreau-Sipiere, Appellees.**

No. C14–85–846–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 7, 1986.

Rehearing Denied Sept. 11, 1986.

Charles Gregg, Ronald J. Restrepo, Houston, for appellant.

Arnold Anderson Vickery, Brian L. Jensen, Houston, for appellees.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Old Reliable Fire Insurance Company (Old Reliable) appeals a judgment requiring it to pay the full amount of a mortality insurance policy Alduro-Raynes Arabians, Inc., (Alduro-Raynes) took out on a horse named Arbor. Two questions are presented: First, was the policy requirement that Alduro-Raynes· be the sole owner of Arbor a condition precedent to liability on the insurance contract; and second, if sole ownership was a condition precedent, did Old Reliable waive that condition? We hold sole ownership was a condition precedent that Old Reliable did not waive. We reverse and render.

This controversy involves an unusual fact situation. Egon Oppenheim (Oppenheim) and the Moreau family (Moreaus) agreed to form a corporation, Alduro-Raynes Arabians, Inc., for the importation, breeding, and showing of Arabian horses. One of the first horses to be shipped from Europe by the Moreaus as part of the Alduro-Raynes venture was a champion stallion named Arbor. Arbor was to be shipped to the United States and pastured at the Oppenheim farm, where he was to stand stud.

. As part of the plan to import Arbor, Oppenheim, acting on behalf of Alduro-Raynes, applied to Old Reliable, through its agent Marsh & McLennan, for a full mortality insurance policy. Old Reliable issued a $200,000.00 policy to Alduro-Raynes Arabians, Inc., the only named insured.

· Sometime thereafter, the Oppenheims and the Moreaus became embroiled in a dispute as to who owned Arbor. A federal civil suit was filed to resolve this question. However, during the pendency of the suit, Arbor died. Alduro-Raynes filed a claim on the insurance policy, which was refused by Old Reliable. Alduro-Raynes filed suit against Old Reliable to recover the full amount of the policy and punitive damages. The Moreaus entered the suit as intervenors. After a jury trial, judgment was entered against Old Reliable for $1,028,-197.68, plus attorney's fees and pre-judgment interest.

Although Old Reliable raises fourteen points of error, we believe its second point is controlling. This point concerns the proper interpretation of a "sole ownership" provision. The policy in question contains the following "CONDITIONS":

2. It is further warranted by the Insured that at commencement of this insurance he is the sole owner of each animal hereby insured unless specifically stated in the attached Application, Schedule or Endorsement.

. . . . .

... 12. It is a condition precedent to any liability of the Company hereunder that any failure by the Insured to adhere to all conditions contained herein shall render the Insured's claim null and void and release the Company from all liability in connection therewith. . . .

The second paragraph quoted was printed in boldface type.

Article 21.16 of the Texas Insurance Code provides that an insurer cannot avoid paying benefits on a policy because answers or statements made in the application for insurance are untrue or false unless the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which the policy became due and payable. Tex. Ins.Code Ann. art. 21.16 (Vernon 1981). This is true even though the contract or policy provides that untrue or false answers or statements made in the application for the contract of insurance shall render the contract or policy void or voidable. *Id.*

If the above-quoted policy provisions amount to only a misrepresentation of sole ownership, as Alduro-Raynes successfully argued below, then appellant cannot deny payment on the policy unless sole ownership is material to the risk insured.

■ However, our courts have long made a distinction between a misrepresentation in an application for an insurance policy and a contractual warranty contained in the policy. An insured is said to warrant sole ownership when the policy provisions make sole ownership a condition precedent to liability on the insurance policy and state that the policy is void if the named insured is not the exclusive owner. *Eureka Security Fire & Marine Insurance Co. v. DeRoss,* 40 S.W.2d 924, 926 (Tex.Civ.App.—San Antonio 1931, writ ref'd).

Our task, then, is to determine whether the quoted provision is a condition precedent or a representation, and the effect of our categorization.

The following policy language has been held to create conditions precedent to liability: "This entire policy, unless otherwise provided by agreement indorsed hereon, or

added hereto, shall be void ... if the interest of the insured in the property be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." *Franklin Fire Insurance Co. v. Lindley*, 80 S.W.2d 798 (Tex.Civ.App.—Austin 1935, writ ref'd); *United States Fire Insurance Co. v. Farris*, 297 S.W. 575 (Tex.Civ.App.—Waco 1927, no writ). In *Lindley*, the land was not owned by the insured in fee simple. In *Farris*, the insured was not the sole and unconditional owner of the property. In both cases the policies were held void and the insured could not recover.

In *Merchants' & Bankers' Fire Underwriters v. Williams*, 181 S.W. 859 (Tex.Civ. App.—Texarkana 1916, no writ), similar policy language made it a condition precedent that the insured own the property in fee simple and the title be evidenced by deed. The insured could not recover because his equitable right to title to the insured property was not based on a deed. *Id.* at 861–62.

■ The supreme court has defined a representation as an oral or written statement that precedes the contract of insurance and is not part of the contract, but which relates to the facts necessary to enable the underwriter to form his judgment whether he will accept the risk and at what premium. *Lane v. Travelers Indemnity Co.*, 391 S.W.2d 399, 401 (Tex.1965). Conversely, a statement is a warranty if it is susceptible of no construction other than the parties mutually intended that the policy should not be binding unless such statement is literally true. *Lane*, 391 S.W.2d at 402. *See also Allied Bankers Life Insurance Co. v. Cerda*, 584 S.W.2d 529, 532 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

■ Reviewing the policy provisions under these authorities, we hold that the sole ownership provision was a condition precedent to the validity of the contract. The policy could not state any more clearly that the insured warranted, as a condition of the contract, that it was the sole owner of the animal insured. To further emphasize the importance of adherence to this condition, the policy contains a boldface statement that all conditions are conditions precedent, and failure to comply renders any claims null and void.

■ We recognize the well established rule that insurance policies are strictly construed in favor of the insured to avoid exclusion of coverage. However, when the term in question is susceptible of only one reasonable construction, we must give the words their plain meaning. *Puckett v. U.S. Fire Insurance Co.*, 678 S.W.2d 936 (Tex.1984). The term before us is clear: sole ownership is a condition precedent.

Moreover, the evidence presented is equally clear: the corporation, Alduro-Raynes Arabians, Inc., the named insured in the policy, was not the sole owner of Arbor.

■ Alduro-Raynes contends that article 21.16 of the Insurance Code renders the sole ownership term immaterial. Article 21.16 applies only to *representations*, not warranties made through an express condition precedent. Since we have held that the term in question is a condition precedent that Alduro-Raynes warranted to be true, the materiality of the warranty to the risk is irrelevant. *See National Fire Insurance Co. v. Carter*, 257 S.W. 531 (Tex. Comm'n App.1924, judgmt adopted), and *United States Fire Insurance Co. v. Farris*, 297 S.W. 575 (Tex.Civ.App.—Waco 1927, no writ) (construing Revised Statutes 1925, article 5043, the predecessor to article 21.16).

■ Alduro-Raynes also contends that it is entitled to recover because it has an "insurable interest" in the horse. We cannot locate any authority to support Alduro-Raynes' contention. The policy required sole ownership; sole ownership, and nothing less, is the interest required.

In summary, we hold that sole ownership was a condition precedent to the policy's validity and that Alduro-Raynes produced no evidence that this condition was met.

We now turn to Alduro-Raynes and the Moreaus' contention that Old Reliable waived its right to rely on the sole ownership condition by accepting premiums after it learned of the dispute concerning ownership. It is undisputed that prior to Arbor's death an agent of Marsh & McLennan became aware that there was a federal lawsuit between the Oppenheims and the Moreaus as to who owned Arbor. However, the lawsuit was not decided until after Arbor's death. Old Reliable's knowledge then was of a *dispute* as to ownership. This does not constitute knowledge that Alduro-Raynes was not the sole owner of Arbor. Alduro-Raynes warranted and continued to insist that it was the sole owner. Old Reliable was bound by its policy until it knew that Alduro-Raynes was not the sole owner. It did not obtain this knowledge until the federal lawsuit was decided. *See generally Hamilton v. Fireman's Fund Insurance Co.*, 177 S.W. 173 (Tex.Civ.App. —Austin 1915, no writ).

A somewhat more intriguing question is whether Old Reliable had any obligation, upon learning of the dispute, to notify Alduro-Raynes that the policy would not be effective if the Moreaus prevailed in the federal lawsuit. We think not. The provisions of the policy clearly state that Old Reliable would insure only an insured who was the sole owner. To inform the insured of reliance on this term would simply be to repeat what the contract says. Consequently, we hold that Old Reliable did not waive its right to rely on the sole ownership provision.

Since the policy was voided by breach of the warranty or condition of sole ownership, we reverse and render judgment that appellees take nothing.